## Commonwealth v. R. Bruce Hutchinson, Appellant.

*Criminal law—Solicitation to commit crime when an indictable offense.*

Solicitation to commit a felony is a misdemeanor.  But the classification of a crime as a felony or a misdemeanor being wholly arbitrary, and governed by no fixed or definite principles, it is not the criterion by which to determine the question whether solicitation to its commission is an offense in law.  The true test is to be found in its effect on society, since all acts that injuriously affect the public police and economy are indictable at common law.  Solicitation to burn a store building is such an act; incitement to incendiarism being a direct blow at security of property and even of life. It is therefore indictable as a misdemeanor.

*Evidence of crime not charged but cognate when admissible.*

While an independent crime having no connection with that charged cannot be shown, evidence may be given of one so connected with the offense for which the defendant is on trial as to show motive, purpose, identity or guilty knowledge.

The evidence tending to show that a defendant, charged with soliciting another to burn a building, at or about the time of such alleged solicitations, addressed similar solicitations to other persons, is properly admitted. Such testimony does not fall within the rule excluding evidence of other offenses than that laid in an indictment.

Argued Nov. 8, 1897.  Appeal, No. 40, Oct. T., 1897, by defendant, from judgment of Q. S. Blair Co., Jan. Sess., 1897, No. 27, on verdict of guilty.  Before RICE, P. J., WICKHAM,

BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment charging solicitation to burn a building. Before BELL, P. J.

It appears from the record and evidence that there was evidence tending to show that defendant made a proposition to Robert Williams that if he would set fire to the storeroom of Pheasant & Wagner, the defendant would pay him, Williams, $25.00. An offer of evidence was made and admitted, under objection, tending to show that similar offers were made to other persons about the same time to commit the same or similar offense connected with the same building.

The opinion of BELL, P. J., refusing motion in arrest of judgment and a new trial, is reported in 6 Dist. Rep. 709.

Verdict of guilty and sentence thereon. Defendant appealed.

*Errors assigned* among others were (1) the indictment in the above case will not sustain a conviction in Pennsylvania, as it does not charge an offense indictable, either at common law or by statute. (4) The admission of the testimony of Frank Bowden, Frank Moore and Harry Woods, tending to show that defendant had solicited them to burn this same building after the time he had solicited Robert Williams to burn it, being distinct and separate offenses (if offenses at all), having no connection with the crime charged in the bill of indictment, and occurring weeks after the solicitation laid in said indictment, and for which an indictment is still pending, the commonwealth having elected on motion of defendant's counsel to go to trial on bill No. 27, of January sessions, 1897, in which the names of Frank Bowden, Frank Moore and Harry Woods had been stricken off by the district attorney. (8) The sentencing of the defendant to pay a fine of $20.00, costs of prosecution, and to undergo an imprisonment in the jail of Blair county for a period of six months. (9) There is no warrant in law for the sentence imposed by the court upon the defendant, as there is no act of assembly authorizing it, and it is therefore illegal and void.

*A. V. Dively,* with him *J. Banks Kurtz,* for appellant.—Solicitations to commit misdemeanors are not indictable in Penn-

sylvania: Smith v. Com., 54 Pa. 209; Whar. Cr. Law, sec. 179; Stabler v. Com., 95 Pa. 318.

The admission of the testimony of Bowden, Moore and Wood, tending to show that defendant had solicited them to burn this same building, after the time he had solicited Williams to burn being distinct and separate offenses, if offenses at all, having no connection with the crime charged in the bill of indictment, and occurring weeks after the solicitation laid, and for which an indictment is still pending was error: Shaffner v. Com., 72 Pa. 60; Com. v. Daniels, 2 Select Eq. Cases, 332; 2 Russ. on Crimes, 694.

*Wm. S. Hammond,* district attorney, with him *Thomas H. Greevy* and *R. A. Henderson,* for appellee.

OPINION BY SMITH, J., January 18, 1898:

The defendant was convicted and sentenced on the charge of soliciting one Robert Williams to burn a store building. The material parts of the indictment are as follows : " That R. Bruce Hutchinson . . . . did unlawfully, maliciously and wickedly solicit and incite Robert Williams to unlawfully, wilfully and maliciously burn, attempt to set fire to with intent to burn a certain new building . . . . owned by the firm of Pheasant & Wagner, and used, on the first floor for a storeroom and post-office, on the second floor by the Young Men's Christian Association and the Juniata Borough Council, and on the third floor by the Independent Order of Odd Fellows and the Patriotic Sons of America; and did offer the sum of $25.00 to the said Robert Williams to pay him for setting fire . . . . with intent to burn the said building."

It is contended, on the part of the defense, that solicitation to commit a misdemeanor is not indictable, and that, as the indictment charges only such solicitation, it sets forth no criminal offense.

There seems no question that solicitation to commit a felony is a misdemeanor: Rex v. Higgins, 2 East, 5; Rex v. Hickman, 1 Moody, 34; Reg. v. Quail, 4 F. & F. 1076; State v. Avery, 7 Conn. 266; People v. Bush, 4 Hill, 133; Com. v. M'Gill et al., Add. 21 ; State v. Bowers, 15 L. R. A. 199. This however cannot be affirmed of the broad proposition that solici-

tation to commit a misdemeanor is itself a misdemeanor. On the contrary, it seems clear that with respect to various misdemeanors, involving little or no moral turpitude or prejudice to society, solicitation to their commission is not in law an offense. It is equally clear that as to certain others, it is an offense. The cases cited in Wharton's Criminal Law, sec. 179, show that such solicitations are indictable, "when their object is interference with public justice, as when a resistance to the execution of a judicial writ is counseled, or perjury is advised, or the escape of a prisoner is encouraged, or the corruption of a public officer is sought, or is invited by the officer himself." In Rex v. Phillips, 6 East, 464, it was held that solicitation to commit a misdemeanor of an evil and vicious nature was indictable. The authorities collected in the notes to Washington v. Butler, 25 L. R. A. 434, embrace cases in which it was held indictable to solicit another to make a plate for counterfeiting bills of exchange; to commit assault and battery; to commit perjury. There is also a class of cases frequently referred to in the discussion of this question, but really without bearing on it; solicitations accompanied with the offer of a bribe, of which Rex v. Plympton, 2 Ld. Raymond, 1377, and Rex v. Vaughan, 4 Burr, 2494, are leading instances. In these the act sought was lawful; the offer of a bribe to influence its performance was the unlawful feature.

The adjudications by the highest court of our own state, on the subject of solicitation to commit crime, touch it only at two points. They decide that it is a misdemeanor to solicit the commission of murder: Stabler v. Com., 95 Pa. 318; Com. v. Randolph, 146 Pa. 83; and that solicitation to commit fornication or adultery is not indictable: Smith v. Com., 54 Pa. 209. The latter case does not, however, go to the length of declaring that solicitation to commit a misdemeanor is not a misdemeanor. No general rule on the subject was there laid down. The decision was based on the difficulty of defining the particular offense charged in the case; of determining " what expressions of the face or double entendres of the tongue, what freedom of manners, are to be adjudged solicitation;" and on the principle that " a rule of law which should make mere solicitation to fornication or adultery indictable would be an impracticable rule, one that in the present usages and manners of society would

lead to great abuses and oppressions." It may be added that the act charged was one that tended only to secret immorality by the parties immediately involved, and not directly to the public prejudice.

In the broad field lying between the extremes thus adjudicated, our guide must be found in the principles that underlie our criminal code. To reach just conclusions, we must pursue the method thus laid down by Mr. Justice PAXSON in Com. v. McHale, 97 Pa. 397, and applied in that case: "We must look beyond the cases and examine the principles upon which common law offenses rest. It is not so much a question whether such offenses have been punished as whether they might have been. . . . We are of opinion that all such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public police and economy."

The distinction, sometimes attempted, between solicitation to commit a felony and to commit a misdemeanor, is based on an artificial and not an intrinsic difference. It has received comparatively slight judicial recognition. In Reg. v. Ransford, 13 Cox C. C. 9, it was declared to be without foundation. Indeed, the statutory classification of crime, as felony or misdemeanor, is governed by no fixed or definite principle, but is purely arbitrary. Legislative whim or caprice may alone determine in which category an offense, not a felony at common law, shall be placed. There is no reason, arising from the nature of the offenses, why the burning of another's house shall be classed as a felony, and the burning of one's own house or other building, with intent to defraud insurers, as a misdemeanor; why the larceny of money shall be pronounced a felony, and its embezzlement only a misdemeanor; why it shall be deemed a felony to make counterfeit coin, and but a misdemeanor to utter it, or a felony to attempt to utter a counterfeit bank note, and only a misdemeanor to utter counterfeit coin; why the possession of ten counterfeit bank notes, with intent to utter them, shall be declared a felony, and the forgery of a deed merely a misdemeanor; or why the forgery of a bank check shall be made a felony, and the forgery of a promissory note but a misdemeanor. With respect to the public police and economy, and the general interests of society, there are misdemeanors more pernicious in

effect than some of the felonies. As to the mode and incidents of trial there is no distinction, except as between offenses triable exclusively in the oyer and terminer and those within the jurisdiction of the quarter sessions. As to punishment, trial for misdemeanor may subject the defendant to punitive consequences more serious than those to which he is exposed in trial for many of the felonies, since the penalty is often more severe, and, even if acquitted, the costs may be imposed upon him. It is obvious that, with respect to the majority of criminal offenses, the distinction between felonies and misdemeanors rests on no substantial basis, and that the classification of an offense as a felony or a misdemeanor affords no just criterion for determining whether solicitation to its commission is indictable. Under such a test, one may be punished for soliciting the theft of the most trifling chattel, or the burning of the most worthless dwelling, yet may with impunity incite to the embezzlement of millions, or to the laying in ashes of the largest manufactories, or the entire business quarter of a city. The only practical and reasonable test is that stated and applied in Com. v. McHale, supra: the manner in which the act may " affect the public police and economy; " and the only logical conclusion is that all acts which " especially affect public society," to its injury, are criminal. The act for which the defendant is here indicted, as thus affecting public society, is the solicitation described in the indictment.

Argument is scarcely needed to demonstrate that the solicitation charged in the present case is of a character to injuriously affect public society and the public police and economy. Except solicitations to murder and riot, nothing is more calculated to disorder and terrorize society than incitements to incendiarism. Such incitement is a direct blow at security of property and even of life. It must therefore be pronounced an indictable offense.

The evidence tending to show that the defendant, at or about the time of his solicitation of Williams, addressed similar solicitations to other persons, was properly admitted. The testimony on this point does not fall within the rule excluding evidence of other offenses than that laid in the indictment. While an independent crime, having no connection with that charged, cannot be shown, evidence may be given of one so connected

with the offense for which the defendant is on trial as to show motive, purpose, identity or guilty knowledge : Kramer v. Com., 87 Pa. 299 ; Shaffner v. Com., 72 Pa. 60 ; Copperman v. People, 56 N. Y. 591 ; State v. Watkins, 9 Conn. 47 ; Reg. v. Dossett, 2 Car. & Kir. 306 ; Rex v. Voke, 1 R. & R. 531 ; Rex v. Ellis, 9 Dowling & Rowland, 174. In the present case the several solicitations were connected manifestations of one purpose existing in the defendant's mind,—the purpose of burning the building described in the indictment, by the hand of another.

Nothing in the assignments of error requires further discussion.

The judgment of the court below is affirmed, and it is now ordered that R. Bruce Hutchinson, the appellant, be remanded to the custody of the keeper of the county jail of Blair county,. there to be confined according to law for the residue of the term for which he was sentenced and which had not expired at the date of his admission to bail pending this appeal, and that the record be remitted that the sentence and this order be carried into effect.