# Commonwealth *v.* Benedick, Appellant.

*Criminal law—Charge—Expression of opinion by judge.*

1. It is not error for a judge in his charge to the jury to express his opinion upon the facts, if it is done fairly, and in some cases it may be his duty to do so, provided he does not give directions or interfere with the province of the jury.

*Criminal law—Larceny—Evidence—Collateral offense.*

2. Where on the trial of an indictment for larceny from the person, the evidence clearly shows that the defendant and another man robbed an old man of his watch in a saloon, evidence is properly admitted that previously in the same day the two men who were apparently strangers had acted together in crowds so that they aroused the suspicion of the police as pickpockets; but the court must carefully instruct the jury that such evidence must not be considered by them as showing an independent offense,

Argued April 12, 1909.   Appeal, No. 1, March T., 1910, by defendant, from judgment of Q. S. Luzerne Co., Sept. T., 1908, No. 243, on verdict of guilty in case of Commonwealth v. Harry Benedick.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.   Affirmed.

Indictment for larceny.   Before Evans, P. J., specially presiding.

Verdict of guilty, upon which judgment of sentence was passed.

At the trial the commonwealth made the following offer:

Commonwealth propose to show that the defendant, accompanied by Mr. Doyle, right near the corner of Broad street, the stopping place for the street cars, boarded a number of cars coming into town and got among the passengers on the cars, not going over fifty feet away, whereupon these men, after the crowd was out, themselves left the cars.   That this occurred at least three times during that afternoon.

Objected to as immaterial and irrelevant, the sole issue in this case being whether the defendant is guilty of the larceny of Mr. Sands' watch in the Palace Cafe.

The Court: The objection is overruled, and an exception noted for the defendant.

"Q. Tell what you saw them doing with reference to the street cars.   A. After the men had been pointed out to me, they in company with several other men, were working the street cars.   Q. Describe what they did.   A. The McAdoo cars came down Wyoming street to Broad and stopped there. They are a peculiar built car in Hazelton, with the smoking or miners' compartment at one end and the ladies' end at the other, and they open in the middle like a baggage car, and these gentlemen, not less than three times, the company of them would go down and board the car, jumping on the car before it stopped.   Q. About how far from the stopping place? A. They would get on at the Lehigh Valley Hotel, probably the length of the courthouse from the place where the car stopped and they would get on the car and all of them place themselves in a position where people in getting off the car

would have to pass by them, and on one occasion I was sure that I saw the gentleman in question with his hand in a man's pocket."

Objected to and asked that it be struck out.

"Q. Did you see him?  A. Yes, sir, I saw him."

The Court: We think that specific act is not evidence in this case and the last answer should be stricken out.  Gentlemen of the jury, the last answer of the witness, of having seen the defendant putting his hand in the pocket of a man we have struck out and you may disregard it when you come to consider this case.

"Q. What was the condition of these cars with reference to the number of people on them?  A. Crowded to the extreme, is it was a very big day in Hazleton.  Q. After all the people got off the car whether they got off?  A. They stopped inside and sat down for a minute or two and then one after another would get up and strike out in a different direction.  Q. Where would they all come back to again?  A. Back to the porch of the Werdenbach Hotel, directly across from the Washington Hotel, and I think the cars were on the thirty minute schedule, and when the next car came they went through exactly the same performance."

Counsel for defendant asks that the testimony on this subject, concerning the actions of the defendant and other men prior to the trouble in Laughran's Cafe, be stricken out.

The Court: The motion is denied and an exception noted for the defendant. [3]

The court charged in part as follows:

[It is a rule that an interested witness is not as apt to be as truthful as one who has no interest.  In this case the defendant is interested; on the other hand, Mr. Ferry, Mr. Gorman, Stephen C. Hartman and all the witnesses called on behalf of the commonwealth, are disinterested, with the possible exception of Mr. Sands, and his testimony is perhaps—well it refers to a matter that is not an important matter as to whether this defendant is guilty or innocent.] [1]

[If you believe the evidence of the commonwealth and dis-

believe that of the defendant, then it is your duty to convict the defendant in the manner and form as indicted; if on the other hand you disbelieve the evidence of the commonwealth and believe that of the defendant, then you may acquit and it would be your duty to acquit him, if you disbelieve the evidence of the commonwealth and believe that of the defendant.] [2]

*Errors assigned* were (1, 2) portions of charge, quoting them, and (3) ruling on evidence, quoting the bill of exceptions.

*Frank A. McGuigan,* for appellant.—The credence to be given to the testimony of all witnesses is for the jury: Commonwealth v. Johnston, 5 Pa. Superior Ct. 584; Com. v. Gamble, 35 Pa. Superior Ct. 146; Goersen v. Com., 99 Pa. 388.

The learned judge erred in admitting as evidence against the objection of the defendant, the testimony of Stephen C. Hartman: Com. v. Pipes, 158 Pa. 25; Shaffner v. Com., 72 Pa. 60.

*John H. Dando,* assistant district attorney, with him *Agram Salsbury,* district attorney, for appellee.—It is well settled that it is not error for a judge in his charge to the jury to express his opinion upon the facts, if done fairly; in some cases it may be his duty to do so, provided he does not give a binding direction or interfere with the province of the jury: Commonwealth v. Orr, 138 Pa. 236.

We believe that under the circumstances the commonwealth was justified in showing the general conduct of the defendant during that day, and we believe that the following authorities fully support our position: Com. v. House, 6 Pa. Superior Ct. 92; Com. v. Hutchinson, 6 Pa. Superior Ct. 405; Goersen v. Com., 99 Pa. 388.

OPINION BY ORLADY, J., July 14, 1909:

The defendant was indicted of larceny from the person and was convicted. There is no merit in the first and second assignments of error. It has been repeatedly held, that it is not error for a judge in his charge to the jury to express his opinion

upon the facts, if it is done fairly, and in some cases it may be his duty to do so, provided he does not give binding directions or interfere with the province of the jury: Com. v. Orr, 138 Pa. 276; Burke v. Maxwell's Administrators, 81 Pa. 139; Spitzel v. Hunt, post, p. 631.

In this case the trial judge submitted the case to the jury in a careful charge, of which the defendant has no just reason to complain. The third assignment of error is entitled to more consideration. Under the testimony of all the witnesses, who had personal knowledge of the facts, this defendant, and one Doyle robbed an old man while in a saloon. They were seen with their hands in his pocket, and when caught in the act, a watch was found in the hands of Doyle, and at the same time Benedick had his hands on the old man's shoulder. The officer who made the arrest testified that he was not more than one foot away from the defendant when he saw him run his hand down on the one side of the old man, into his vest pocket, and then try his pants pocket. When the arrest was completed the watch was in the hands of the defendant. In order to show concert of action between these two men who were apparently strangers (the defendant being a patent medicine vendor, and using at least two other names than the one in this indictment) so conducted themselves during the day, that the attention of the police was called to their suspicious conduct as pickpockets; and for the purpose of bringing them together, and working in a common cause testimony was admitted under objection to show that these two men had been together in different parts of Hazleton, forcing their way through the crowds, and in a general way acting together, not for the purpose of showing an independent offense, as this was particularly excluded by the court, and when one witness for the commonwealth testified that he on one occasion "Saw him with his hands in a man's pocket" the court promptly directed the jury, that the answer of the witness as to having seen the defendant put his hand in the pocket of another, was to be stricken out and "You must disregard it when you come to consider the case."

Doyle, the associate of Benedick, pleaded guilty to the charge of larceny, and offered himself as a witness for his friend, and

then testified that he, Doyle, had taken the watch from the old man and had given it to the defendant. The defendant testified that he was a stranger to all the parties and had not been in any way connected either with the taking or receiving of the stolen watch.

We think under the authority of Com. v. House, 6 Pa. Superior Ct. 92; Com. v. Hutchinson, 6 Pa. Superior Ct. 405; Goerson v. Com., 99 Pa. 388, and a number of other cases holding the same conclusion, that the evidence was properly received for the purpose intended and it was properly guarded by the court. The assignments of error are overruled. The judgment is affirmed.