# Commonwealth *v.* Taylor, Appellant.

*Criminal law—Malicious mischief—Quashing indictment—Delay—Evidence—Prior prosecution—Motive.*

The refusal to quash an indictment for malicious mischief is not error where the grounds alleged are, (1) that the justice refused to receive the testimony of the defendant and his witnesses at the hearing on the information; (2) that the transcript of the justice was not. returned in full; (3) that the transcript was not returned at the first term following the hearing; and (4) the record and recognizance were not certified to the court next held after the taking thereof, if it appears that the motion to quash was not presented until ten months after the hearing and finding of a true .bill, and after the defendant had secured two continuances.

On the trial of an indictment for malicious mischief for tearing down a fence, evidence of the conviction of the defendant in a former prosecution for a similar offense is admissible, for the purpose of showing the defendant's motive.

*Practice, C. P.—Charge—Mistake—Duty of counsel.*

Where a trial judge in referring to the testimony of a witness misquotes it in a material point, his attention should be called to the error at once by counsel before the jury retires.

*Criminal law — Malicious mischief — Destruction of gate over right of way—Evidence.*

On the trial of an indictment for malicious mischief in breaking and destroying a gate over a right of way claimed by the defendant, evidence as to the defendant's title to the right of way is inadmissible, if it appears that the gate belonged to the prosecutor and that the destruction of the gate was not essential to the use of the right of way by the defendant.

Argued October 3, 1916.   Appeal, No. 13, April T., 1917, by defendant, from judgment of Q. S. Greene Co., March T., 1915, No. 2, on verdict of guilty in case of Commonwealth v. Zacharia Taylor.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEPHART and WILLIAMS, JJ.   Affirmed.

Indictment for malicious prosecution.    Before In-
GHRAM, P. J.

At the trial the Commonwealth proposed to prove that
various times prior to the 30th of August testified to by
a witness that he had erected gates and bars at this par-
ticular point and the defendant had at different times
broken down or destroyed or partly destroyed the gate,
and bars erected at that particular point.

For the purpose of showing that the act committed on
the 30th day of August was wilful and with malice. And
for the purpose of showing the intent in the mind of the
defendant at the time he committed the act testified to
by the witness.

To be followed by evidence that some 15 or 20 years
ago the defendant had been arrested and convicted, pros-
ecuted by the father of the witness, who at that time
owned the land, on the charge of malicious mischief, for
the breaking down of the fence at the same place as testi-
fied to by the witness.

For the purpose of showing the defendant acted with
malice at the time he destroyed the fence on the 30th of
August. And for the purpose of showing the wilful dis-
regard of the rights of others.

OBJECTIONS:

"Defendant objects to the offer of the testimony to be
elicited for the reasons:

"1. That the statement of facts proposed to be proven
by this witness are incorrect.

"2. That the indictment charging the crime for which
the defendant is now on trial lays the time of the commis-
sion of that crime on the 30th day of August, 1914, and
no other date is suggested in the indictment.

"That there is no charge of dragging away or destroy-
ing any other property of the said Inghram Orndoff, the
prosecutor in this case.

"That the defendant by the pleadings has no notice of
any other act of malicious mischief charged or preferred

against him for which he is called to answer other than the one named in the indictment of the 30th of August, 1914.

"And further that the testimony is incompetent, irrelevant and immaterial to the trial of the issue now before the Court."

### RULING:

"Objection overruled and exception sealed for the defendant. The district attorney should remember the defendant is not on trial for anything but malicious mischief committed at no other time than the 30th of August. But it is competent for the purpose of showing malice in his breaking down the gate if he did break it down."

By Mr. Ray: I propose to offer in evidence and do now offer in evidence the record of the Court of Quarter Sessions of Greene County, Pa., No. 4, June Sessions, 1892, as the same appears in Quarter Sessions Docket for the years 1892 to 1897,—in the case of the Commonwealth versus Zacharia Taylor, and I now propose to read this record.

Being the indictment against Zacharia Taylor for the malicious breaking down the fence of Jesse Orndorff, the prosecutor.

### OBJECTIONS:

By Mr. Wilkinson: The defendant objects to the offer of this record, in evidence as being incompetent, irrelevant and immaterial. Being the record of the case tried in this court 23 years ago or about, against the same defendant, but upon a different charge.

The case upon which the defendant is being tried is one laid on a specific date, viz: August 30, 1914, and there can be no evidence from this case that would show or tend to show the guilt or innocence of the defendant in this matter.

That it is too remote for any purpose whatever, and a different prosecutor in that action.

By Mr. Huss: For the purpose of showing that the prosecutor at that time was the owner and predecessor in title of this prosecutor, and the charge was the same, for breaking down the fences at the same point on the land not then owned by Mr. Taylor.

For the purpose of showing wilful violation of the rights of Mr. Inghram Orndorff's predecessor in title.

For the purpose of showing the intent of the defendant in breaking down this fence, to show that the defendant had no right at the time he broke down the gate in suit and knew it, because it had been passed upon in a similar action in which he was tried and found guilty.

### RULING:

By the Court: We think the testimony is competent. Exception. (2)

And now January 3, 1893, the defendant, Zacharia Taylor, being in open court pleads "Not guilty." District attorney similiter et issue, whereupon a jury being called, comes as follows: Joseph Phillips, W. P. Scott, Isaac H. Smith, Henry Davis, Alfred B. Day, Francis Roberts, Lazear Stoneking, Roland Turner, Charles Roberts, Thomas Smith, Lindsey Dulaney and C. N. Bowlby, twelve good and lawful men of the County of Greene, who being duly sworn according to law and after hearing the evidence and the charge of the court say they find the defendant, Zacharia Taylor, guilty in manner and form as indicted.

Verdict at 12:15 o'clock p. m. Wednesday, January 4, 1893.

And now January 4, 1893, motion for new trial and in arrest of judgment filed, and leave granted the defendant to file reasons therefor on Saturday, January 7, 1893.

January 7, 1893, reasons for a new trial filed.

January 12, 1893, argued.

And now February 6, 1893, order of Court filed of which the following is a copy:

"And now January, 1893, this matter came on to be heard and was argued by counsel; and now February 6, 1893, after consideration thereof it is ordered and directed that the rule to show cause why a new trial should not be granted be discharged and a new trial refused.

"Attest:                                    "Per Curiam.

   "M. R. TRAVIS, Clerk."


And now, March 6, 1893, defendant, Zacharia Taylor, being in open court the district attorney moves for sentence.

Whereupon the court pass sentence as follows: "The sentence of the court is that you pay the costs of prosecution, that you pay a fine of $25, one-half to the informer, Jesse B. Orndorff and one-half to the directors of the poor, and you are now in the custody of the sheriff until the sentence of the court is complied with."

July 22, 1893, petition for discharge filed.

Frank Thomas sworn: "Are you acquainted with the location of this subject-matter here? Just state if you have at any time recently seen Mr. Taylor, the defendant, interfere and injure any part of that gate mentioned here within the last two years?"

#### OBJECTIONS:

We object to the question because it refers to matters prior to the date set in the indictment charging Mr. Taylor with malicious mischief. That the testimony of this witness to any matter prior to the date alleged in the indictment is incompetent evidence and immaterial in this matter.

#### RULING:

Objection overruled and exception sealed for defendant.

#### EVIDENCE:

Q.—Just state, Mr. Thomas, when if at any time you

saw the defendant interfere with that particular gate or one at that place? A.—On July 17, 1914.

Q.—Just state what you saw. A.—I saw him lift the gate off the hinges and start to carry it across the road and carry it back and set it against the fence.

Q.—Just state what all occurred. A.—And he went up about fifty or seventy-five feet from this gate and got a club or piece of iron, I could not tell what it was—it sounded like iron—and he come back and turned the top staple in the post. (3)

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were (1) in refusing to quash the indictment, (2, 3) rulings on evidence, (5-11) various instructions.

*Carl J. Crawford,* with him *T. H. Wilkinson,* for appellant.

*David R. Huss,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 18, 1916:

The defendant was convicted on the charge of maliciously breaking a gate on the land of I. N. Orndorff the prosecutor who owned land between the farm of the defendant and the public highway over which a right of way existed in favor of the defendant. The gate was erected by the prosecutor where a fence separated his land from the highway and across the way which had for many years been used by the defendant and his predecessors in title. The specific charge was that on the 30th day of August, 1914, the defendant threw down and drove over and broke a gate which the prosecutor had suspended between two posts where the right of way led out of his field onto a public highway. The first assignment of error relates to the refusal of the court to quash the indictment. The reasons assigned were: (1) that

the justice refused to receive the testimony of the defendant and his witnesses at the hearing on the information; (2) that the transcript of the magistrate was not returned in full to the Court of Quarter Sessions; (3) that the transcript was not returned at the first term following the hearing before the justice; (4) that the record and recognizance were not certified to the court next held after the taking thereof. The record shows that the hearing before the magistrate was held on September 3, 1914, that a true bill was found September 8, 1914, that a continuance was granted the defendant to March Term, 1915, that on February 22, 1915, he obtained a continuance to June Term, 1915, and that the motion to quash was not presented until June 10, 1915. On this state of the record the application to quash for the reasons set forth came too late. Where the complaint was with respect to matters of procedure preliminary to the finding of the bill of indictment, it was the duty of the defendant to act promptly. It is too late after the indictment found to raise the objections presented on the motion to quash. If the first reason were substantial, defendant could have been heard on a proceeding to be discharged from custody on the ground of an illegal commitment. The other grounds set up do not relate to the regularity of the arrest or the validity of the indictment, and do not support a motion to quash nor do we wish to intimate that the first reason suggested would support the motion. The indictment cannot be invalidated in the manner proposed: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Windish, 176 Pa. 167; Commonwealth v. Haines, 57 Pa. Superior Ct. 616. The second assignment covers the action of the court in admitting the record of the trial and conviction of the defendant more than twenty years before on a charge brought by the father of the prosecutor who was then the owner of the land for the malicious destruction of a gate and fence at the same place. The record of that case was admitted to show the defendant's

motive and for that purpose it was competent. The
knowledge, intent or design of a party may be shown by
acts similar to that charged in the indictment to estab-
lish guilty knowledge and purpose: Goersen v. Com-
monwealth, 99 Pa. 388; Commonwealth v. Hutchinson, 6
Pa. Superior Ct. 405; Commonwealth v. Benedick, 39
Pa. Superior Ct. 477; Wharton's Criminal Evidence,
(10th ed.) vol. 1, p. 1244. The court was not in error,
therefore, in admitting the record for the restricted pur-
pose stated. . The testimony included in the third assign-
ment was offered to show malicious conduct of the de-
fendant with reference to the gate at a time shortly be-
fore the occurrence on which the prosecution was based.
This evidence was admissible to show the defendant's
state of mind, the motive which actuated him, and to
support the charge that the act for which he was indicted
was performed unlawfully and maliciously. In the
fourth and fifth assignments the court is charged with
having misapprehended the testimony of the two wit-
nesses therein named and it appears from an examina-
tion of the evidence that the learned trial judge was
somewhat inaccurate in stating the testimony, but we
are not persuaded that the defendant was prejudiced
thereby. Moreover, it was the duty of his counsel to
bring to the attention of the court during the trial
or immediately thereafter the mistake complained
of in order that it might be corrected before the
jury retired. Where a trial judge in referring to the
testimony of a witness misquotes it in a material point,
his attention should be called to the error at once be-
fore the jury retires. The party is not permitted to
take his chances of a verdict and then if it be against him
complain of a matter which, if an error, would have been
immediately corrected: Commonwealth v. Razmus, 210
Pa. 609; Commonwealth v. Kay, 14 Pa. Superior Ct. 376.
Complaint is made in the sixth assignment of the charge
of the court that the evidence offered about the right of
way, removal of fences, and occupation of the farms was

not material in the issue joined.  The question whether
the defendant had a right of way over the prosecutor's
land and whether that right of way was to be unob-
structed was not at issue in the case.  It was conceded
that the defendant had a right of way.  The prosecutor
claimed the right to close it by a gate, but the defendant
contended he was entitled to an open way.  However
that may be he was not justifiable in destroying the gate
which the owner of the land erected.  This had been pro-
cured at some expense and was the property of the prose-
cutor.  It was not necessary that it be destroyed in
order that the defendant have the use of his way.  If the
prosecutor erected it without right, the defendant might
remove it, but he would have no right to destroy it.
There was direct evidence that on the day named in the
indictment the defendant broke the gate, drove over it,
and that evidence supported the prosecution.  The at-
tention of the jury was clearly directed to the point in
issue in these words: "The question for you to determine
is, did this defendant maliciously, wilfully and wantonly
destroy the property of the prosecutor, the gate.  If he
did he is guilty, if he did not do this he is not guilty."
The same instruction in a somewhat different form was
given in answer to the defendant's second point which
was in these words: "If the jury believe from the evi-
dence that the defendant Zacharia Taylor honestly
believed that he was acting under his legal right, he
would not be guilty as charged in the indictment and
should be acquitted."  This point was affirmed.  Under
the whole charge it must have been apparent to the jury
that the single question for consideration was whether
the defendant had wilfully and maliciously broken and
destroyed the gate and this was the correct view of the
point in controversy.  After a careful examination of
the record we fail to find such error as requires a re-
versal of the judgment.  It is, therefore, affirmed and the
record is remitted to the court below to the end that the
judgment be carried into effect.