## Commonwealth v. Imschweiler

*Mark C. McQuillen,* assistant district attorney, for Commonwealth.

*John B. Stevens,* for defendant.

MAYS, J., April 28, 1938.—The indictment charges defendant with soliciting, enticing, and persuading one Margaret Stricker to attempt to corrupt and influence Mazie S. Grill, a juror, "against the peace and dignity of the Commonwealth of Pennsylvania."

Margaret Stricker testified that defendant asked her to speak to Mazie S. Grill and state to her that Louis E. Wiswesser, a defendant in a case in which he was charged with aiding and abetting and becoming an accessory to

embezzlement by a public official, was a good fellow, and that she (the juror) should side with him.

Defendant admitted having conversation with Margaret Stricker, but denied that he told her to see Mazie S. Grill and ask her to side with Wiswesser. The Commonwealth showed that Mazie S. Grill had been drawn and summoned as a juror, and that the case of Commonwealth v. Louis E. Wiswesser was listed for trial during the week for which Mazie S. Grill had been chosen to serve on the jury.

The trial judge, after pointing out that it was a question as to which witness was to be believed, told the jury that if the conversation was as testified to by Margaret Stricker, the jury would then have to find from the evidence before convicting that defendant knew that Mazie S. Grill was to serve as a juror, and that defendant intended to corrupt or influence said juror. The jury found defendant guilty.

Defendant's counsel thereupon moved for an arrest of judgment for the following reason:

"The offense charged is indictable neither by statute nor under the common law; and because no judgment against the said defendant can be lawfully rendered on said record."

There can be no arrest of judgment on the ground that the evidence was not sufficient: Commonwealth v. Gurley, 45 Pa. 392.

The only question raised by defendant's motion is whether or not the indictment charges a crime which is cognizable by the laws of this Commonwealth. As pointed out, the indictment does not charge the act to be contrary to an act of assembly but against the peace and dignity of the Commonwealth. This in itself justifies the conclusion that the offense charged is not founded upon any statute. It is, if anything, a common-law offense. The common law of England, so far as it is not unadapted to our conditions and has not been altered by statute, remains the common law of Pennsylvania. Now em-

bracery is both a common-law and a statutory offense; it has long been recognized by the common law as a misdemeanor: 2 Sharswood's Blackstone's Commentaries, ch. 10, sec. 18, p. 423, and it has also been denounced by the legislature: Act of March 31, 1860, P. L. 382, sec. 13, 18 PS §231. But the charge here is not embracery; it is solicitation to commit the common-law offense of embracery. The latter is defined by Blackstone, supra, as "an attempt to influence a jury corruptly to one side by promises, persuasions, entreaties, money, entertainments, and the like."

Solicitation to commit an offense is not an attempt to commit that offense: Smith v. The Commonwealth, 54 Pa. 209. Solicitation to commit a felony has always been recognized as a misdemeanor: Commonwealth v. Hutchinson, 6 Pa. Superior Ct. 405; and it has been held that solicitations to commit certain misdemeanors, like adultery, are not an offense at common law: Smith v. The Commonwealth, supra. But in the case of solicitation to commit a misdemeanor, the test is the nature of the offense sought to have committed, and not merely the fact that it is not a felony. In the law of Pennsylvania, there is no logically sound and uniform principle by the application of which alone we can classify offenses as felonies or misdemeanors. As was said in Commonwealth v. Hutchinson, supra, p. 409: "Legislative whim or caprice may alone determine in which category an offense, not a felony at common law, shall be placed." Thus, embezzlement by a banker, broker, attorney, or agent of a sum of money, no matter how large in amount, is a misdemeanor: Act of 1860, supra, sec. 114; but embezzlement by a clerk, servant, or employe of a sum no matter how small, is a felony: Act of 1860, supra, sec. 107. After discussing the unreasonableness of holding that solicitation to commit a felony is always a crime and that solicitation to commit a misdemeanor is never an offense, the Superior Court in Commonwealth v. Hutchinson, supra, said (p. 410):

"The only practical and reasonable test is that stated and applied in Com. v. McHale, supra: the manner in which the act may 'affect the public police and economy;' and the only logical conclusion is that all acts which 'especially affect public society,' to its injury, are criminal."

The act charged in the indictment before us, namely, to attempt to influence a prospective juror to render a verdict not based upon the evidence, must be held to affect injuriously the administration of public justice and, therefore, to be one that especially affects public society.

The result of holding that the act here charged, if corruptly done, was not an offense against our laws, would be to declare not unlawful the act of one under indictment who, acting through third parties, corruptly sought, in advance of trial, to influence every person upon the jury panel.

"The test is not whether precedents can be found in the books, but whether they [the acts] injuriously affect the public police and economy": Commonwealth v. McHale et al., 97 Pa. 397, 410.

In Wiseman v. Commonwealth, 143 Va. 631, 130 S. E. 249, defendant was convicted of soliciting and requesting another to use his influence with a grand juror to persuade the latter to vote against a finding of indictment against defendant. The Supreme Court of Virginia, in sustaining the conviction said (p. 640) :

". . . it is a crime . . . to solicit another to commit a crime which, if committed, would defeat public justice. The indictment under review distinctly and clearly charges that Wiseman solicited Harpine to use his influence with a juror to prevent the finding of an indictment against the former. The indictment, therefore, charges a crime at common law".

And now, to wit, April 28, 1938, the motion in arrest of judgment is overruled.