## Commonwealth v. Best

*Merritt H. Davis*, district attorney, for Commonwealth.

*J. T. Reinsel*, for defendant.

RIMER, P. J., May 12, 1938.—On February 9, 1938, an information charging adultery was filed before a local justice of the peace, defendant was arrested and com-

mitted to the county jail, and the transcript was returned showing under date of February 12, 1938, "Hearing waived and defendant committed to jail in default of $500 bond." The evidence in the case shows at the time of the arrest defendant was undergoing imprisonment in the common jail of Clarion County, where he has remained until this time.

On February 21, 1938, a true bill was found on the indictment based upon the foregoing proceedings. On March 28, 1938, a petition to quash was presented, the grounds stated all relating to the fact that the indictment was found without defendant having the benefit of hearing before the justice, not having been taken before the justice and given an opportunity to demand a hearing, not being informed of his right to a hearing, nor asked if he desired a hearing, and not having done anything to waive the right to a hearing.

The evidence taken before the court supports all of the above averments of fact. The arresting officer testified that the warrant was read to defendant while he was confined in the county jail and nothing was said about a hearing to his recollection. The justice of the peace who committed defendant testified that defendant was not brought before him at any time after the information was filed. He further stated that the entry upon his docket and upon the transcript, "Hearing waived", was made, so far as he could recollect, upon the report of the arresting officer, but that he may have rested such entry upon the fact that defendant had been before him earlier, charged with an offense growing out of the same circumstances and the same acts of defendant, to which there had been a plea of guilty.

Thus it appears that the averments of the petition to quash the indictment must all be sustained. The right of defendant to have such a hearing where he may confront his accuser and cross-examine the witnesses produced at the hearing is a rule of universal application in our

criminal courts and will not be denied the accused unless waived or unless it comes within the class of certain exceptions not present here.

There was no waiver here and unless we are to determine that the motion comes too late, having been made about one month after the indictment was found, the reasons assigned by defendant entitle him to have the indictment quashed.

We must give due weight to the rule laid down in Commonwealth v. Taylor, 65 Pa. Superior Ct. 113, 119, where the court stated:

"Where the complaint was with respect to matters of procedure preliminary to the finding of the bill of indictment, it was the duty of the defendant to act promptly. It is too late after the indictment found to raise the objections presented on the motion to quash."

The foregoing rule was cited with approval in Commonwealth v. Murawski, 101 Pa. Superior Ct. 430, 432. Judge Drew stated, following the above citation:

"Nor does a failure on the part of an alderman to conduct defendant's hearing in compliance with the Act of 1919, supra, alter the case, inasmuch as an objection on this ground would be likewise an objection to proceedings antedating the indictment, and would fall for the reason already given."

However, in that case the offense charged was assault and battery, and the hearing was had before the committing magistrate. The trial court quashed because there had not been a "full hearing and investigation of the facts" to satisfy the magistrate that the prosecution was reasonably well founded, as required by the Act of May 27, 1919, P. L. 306. But defendant did not assign this reason in his motion nor press it before the appellate court, and the order quashing it was reversed, Judge Drew saying (p. 431):

"It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail

for court, and has been regularly indicted by a grand jury upon examinations of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment."

We feel that the present case may easily be distinguished from the case cited and that the general rules laid down by Judge Drew must be read in relation to the case under consideration. In the instant case the application to quash was made within a reasonable time when it is considered that the defendant, in part because of imprisonment, was not informed of his rights and was not shown to have knowledge of proceedings resulting in his indictment so shortly after arrest.

We do not think that the mandatory provisions of the Act of 1919, supra, relative to hearing and investigation by the committing magistrate, change the situation. If, under the common-law practice in our courts, defendant was entitled to a hearing, that rendered it equally mandatory upon the committing justice to give him that hearing.

We do not think this general right of defendant in this case to have his hearing was modified or affected one way or the other by the Act of May 14, 1915, P. L. 499. The only effect of this legislation would be to require the committing magistrate, in the case of the offenses therein specified, to grant a hearing to the accused and other persons in his behalf, "if the person accused shall so demand". This may not be construed to affect the right of the accused to a hearing unless he shall demand it. It only relates to certain procedural matters by requiring the committing magistrate, upon such hearing, to receive the testimony of defendant and his witnesses.

We have, therefore, come to the conclusion that the reasons of defendant in support of his motion to quash are

well grounded and the fact that an indictment has been found does not render the motion too late. The following order will be made.

And now, May 12, 1938, the motion of defendant to quash the indictment in the above entitled case is granted, the indictment is quashed and defendant discharged.