## Commonwealth v. Shipp (No. 2)

*Stephen Teller*, District Attorney, for Commonwealth.

*Joseph Gale*, for defendant.

BROMINSKI, J., May 24, 1963.—This matter comes before the court upon defendant's motion to quash the indictment.

Defendant was indicted as follows:

". . . on or about the 27th day of July, 1962, at the County aforesaid, and within the jurisdiction of this Court, being then and there a director on the School Board of the Nanticoke School District, Nanticoke, Pennsylvania, did commit the crime of solicitation for bribe by proposing to one Charles Wysocki that he, the said Charles Wysocki, should pay the sum of $800 for an appointment as a teacher in the Nanticoke Public Schools. . . ."

Defendant seeks to quash the indictment on the following grounds:

1. There is a fatal variance between the transcript and the indictment.

2. The facts established at the preliminary hearing before the alderman failed to set forth a crime.

3. That the Pennsylvania School Code and/or Penal Code of 1939 relating to alleged bribery and/or solicitation to commit a bribe by public school officials supersede and render inapplicable the common law crime of bribery and solicitation to commit a bribe.

4. That solicitation to commit a bribe by a public official and/or director without more is not a criminal offense.

5. That solicitation to commit a bribe is not an indictable offense at common law.

6. That neither the transcript nor indictment indicate the authority of Frank Price, prosecutor, to pur-

sue this prosecution on behalf of the Nanticoke Taxpayers Association.

Neither in his brief nor at argument did defendant cite support or give argument to reasons nos. 2 and 6 and we must presume that these reasons have been abandoned.

We shall first consider the primary question involved herein. Is solicitation to commit a bribe an offense indictable at common law?

Solicitation is defined as ". . . the act of trying to induce another person to commit a crime": 41 Dickinson Law Review 225. It is a misdemeanor at common law.

The first question thus to be resolved is what crime would defendant have attempted to induce the prosecutor to commit? Generally, it would be conspiracy; but more specifically it would be the crime of offering bribes as defined in the Public School Code of March 10, 1949, P. L. 30, art. 3, sec. 325, 24 PS §3-325, which reads as follows:

"Every person who shall, individually or by or through any agent or representative, directly or indirectly, promise, pay, or give to any school director in this Commonwealth, any sum of money or other valuable thing, or make any promise of any office or appointment of any kind, in order to influence or secure the voting for, or the appointment of, himself, or any other person, as a teacher, county superintendent, district superintendent, assistant superintendent, associate superintendent, tax collector, attendance officer, or to any other position connected with the public schools of this Commonwealth, or for the purpose of having his salary increased while holding any appointment under the provisions of this act, shall be guilty of a misdemeanor, . . ."

Equally important is the fact that the crime charged is still consummated even if the person solicited does

nothing toward the commission of the crime and/or does not even agree to do so. To be equally clear, there must be a communication. The solicitor must reach the mind of the person alleged to have been solicited so that the latter apprehends the solicitation as a fact: 41 Dickinson Law Review 225, 226.

Soliciting the commission of a felony, common law or statutory, is a crime and a common law offense: Commonwealth v. Wiswesser, 134 Pa. Superior Ct. 488, 493; Stabler v. Commonwealth, 95 Pa. 318, 322; Commonwealth v. Randolph, 146 Pa. 83.

The serious problem arises as to whether or not the solicitation of the commission of a misdemeanor is a common law offense. This depends upon the nature and the gravity of the misdemeanor solicited to be committed. On the one hand, it is clear that:

". . . with respect to various misdemeanors, involving little or no moral turpitude or prejudice to society, solicitation to their commission is not in law an offense. It is equally clear that as to certain others, it is an offense. . . . *'when their object is interference with public justice, . . . or the corruption of a public officer is sought, or is invited by the officer himself' "*: Commonwealth v. Hutchinson, 6 Pa. Superior Ct. 405, 408. (Italics supplied.)

"We are of opinion that all such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public peace and economy": Commonwealth v. Hutchinson, supra.

This test is again enunciated and reaffirmed in Commonwealth v. Randolph, supra, at page 94.

More recently in 1960, the Supreme Court of this Commonwealth in Commonwealth v. Gary, 193 Pa. Superior Ct. 111, 114, reaffirmed this rule in the following language:

". . . 'a solicitation to commit a serious misdemeanor harmful to the public peace or the public welfare or economy is a common law offense in this state and that only such misdemeanors as by their nature make it unreasonable or illogical to treat them as a separate crime are excluded as an object of solicitation.' "

This reduces the problem to the subsidiary question as to whether or not solicitation to commit a bribe by a school director is such a serious misdemeanor, harmful to the public peace or the public welfare or economy, as would seriously affect public society so as to be indictable as an offense at common law. Commonwealth v. Hutchinson, supra, clearly answers this query in the affirmative.

However, in addition thereto, little disagreement can be had that the educational system of this community, Commonwealth and nation seriously and intimately affects the very core of our society. Aside from the tremendous sums allocated to education by our local, State and Federal governments, the very foundation of our community is directly affected by our educational system. The caliber of the schools and the ability of our teachers exercise far-reaching influence upon our children as the habits molded in school will be the basis for their ability to proceed to future endeavors. Impropriety in the selection of teachers can have a material effect upon the pursuits of our youth and this, in turn, affects the manner in which they will conduct themselves as individual units of our society. The public welfare within our society is controlled by the habits and customs of each of us and these activities, moving in concert, direct the course of our society. Thus we would have to conclude that such a misdemeanor is of the nature as to be indictable at common law.

We will now turn to the second fundamental reason advanced by defendant as to why the indictment should

be quashed. He argues that the Pennsylvania School Code and/or the Penal Code of June 24, 1939, P. L. 872, have superseded the common law, that it renders inapplicable the common law as to bribery and solicitation to commit a bribe.

We acknowledge that there is no specific provision in the Penal Code or School Code covering the particular crime alleged. However, the answer is found in the case of Commonwealth v. Hartung, 156 Pa. Superior Ct. 176, 180, where the court states:

"A statute does not work a change in the common law unless the intent to alter it clearly appears."

There is no such clear legislative intent enunciated or expressed in either of the above statutory enactments and thus the crime charged, being one at common law, is properly presentable.

Finally, defendant contends that the indictment must be quashed because there is a fatal variance between the transcript and the indictment. The moving portion of the indictment charges the crime of solicitation to commit a bribe and is recited in full, supra. The moving portion of the transcript reads as follows:

". . . did commit bribery common law by demanding of Charles Wysocki to pay the sum of $800 for a position as a teacher with the Nanticoke School Board."

A cursory examination reveals the information charged that defendant committed common law bribery in demanding money from one Charles Wysocki and the indictment charges that the defendant did commit the crime of solicitation to commit a bribe by proposing to one, Charles Wysocki, that he pay certain moneys. This variance is not fatal.

"It is true that a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge

different from, and unrelated to, the one for which he was arrested and held to bail. But it is likewise true that an information need not employ the legal phraseology or possess the technical accuracy of an indictment or describe the crime as fully and specifically as is there required": Commonwealth v. Gross, 161 Pa. Superior Ct. 613, 621.

The crimes charged in both are not unrelated nor does the indictment supply any essential elements of the offense not already set forth in the information.

Accordingly, defendant's motion to quash the indictment must be dismissed.

### Order

Defendant's motion to quash the indictment is hereby dismissed.