STATE OF MISSOURI, Respondent, v. DAVIS, Appellant.

St. Louis Court of Appeals, May 2, 1905.

EMBRACERY: Influencing Juror. In a prosecution for embracery under section 2045, Revised Statutes of 1899, evidence which showed that the defendant approached one summoned as a juror in a murder case and talked to him about the case, giving the juror the impression that he was favorable to the person charged with murder, saying that he (the latter) "is a good fellow," was insufficient to sustain a conviction.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED.

### STATEMENT.

Defendant was indicted in the circuit court of Wayne county on a charge of embracery under section 2045, R. S. 1899, with having attempted to corruptly influence one Ward, a juror, in a certain case wherein one Sam Jones was on trial in said court for murder. The indictment upon which this case was tried, evidently through some oversight, failed to be incorporated in the record before us. As the case will be disposed of favorably to defendant, we will presume the indictment was sufficient under the statute.

The evidence on the part of the State tended to show that one Sam Jones had theretofore been indicted and tried for murder in said court; that one Ward was one of the jurors, empaneled on the trial of said Jones; that defendant in this case met Ward, the juror, at the livery barn in Greenville while the juror was putting up his horse in the morning after he had been sworn as a juror and of the day on which the trial was to proceed and commenced a conversation with him about the Jones

case; that Ward told the defendant that he had been sworn on the jury and that he kept on talking about the case and that the juror declined to join in the conversation. Ward, the juror, does not show what was said to him nor does he say that there was any attempt to bribe him or influence him or any promise of any kind made to him. He simply reiterates that defendant talked to him about this case and when asked the question: "How did you know he was talking about the Jones case?" he answered; "From the way he approached me and I presumed the meaning of it." The only words or substance of words which defendant is alleged to have used in the conversation in speaking of Jones, is as follows: "He is a good fellow." Ward further said: "From the way he approached me I thought he was on the side of Jones. . . . . Q. You just inferred he was in favor of Sam Jones and wanted to talk to you in his behalf? A. Yes, sir." There is no other evidence on the part of the State. This was all of the evidence.

Defendant requested the court to peremptorily instruct the jury for his acquittal, which the court declined to do. The case was submitted to a jury which returned a verdict of guilty. Defendant appealed to this court and insists that the evidence is insufficient to sustain a conviction.

NORTONI, J. (after stating the facts).—Embracery, with which appellant is charged, was an offense at common law and is of ancient origin. It consists, in short, of an attempt to corruptly influence a jury. [Bishop, New. Crim. Law (8 Ed.), 384; State v. Williams, 136 Mo. 293, 38 S. W. 75.] The books say: "Embracery is an attempt to influence a jury corruptly to one side by promises, persuasions, entreaties, money, entertainments and the like." [Bishop, New Crim. Law. (8 Ed.), sec. 384; Hughes on Crim. Law & Pros., sec. 1534; 1 Blackstone, Com., 140.] "It seems

clear that any attempt whatsoever to corrupt or influence or instruct a jury or in any way incline them to be more favorable to one side than to the other, by money, promises, letters, threats or persuasions, except only by strength of evidence and the argumnts of counsel in open court, at the trial of the cause, is a proper act of embracery whether the jurors on whom such attempt is made give any verdict or not, or whether the verdict given be true or false." [Hawkins Pl. of Crown, vol. 1, ch. 851; Bishop, New Crim. Law (8 Ed.), sec. 384.]

Our statute, section 2045, upon which the indictment is based, reasserts the common law rule and makes it an offense by substituting the word "improperly" for "corruptly" to attempt to influence the jury or one summoned as a juror and extends the law so as to cover the case of referees and arbitrators as well. The statute is as follows:

"Every person who shall attempt improperly to influence any juror in any civil or criminal case, or anyone summoned as a juror, or anyone chosen an arbitrattor or appointed a referee in relation to any matter pending in the court or before the officer before whom such juror shall have been summoned or sworn, or pending before such arbitrator or referee shall, upon conviction, be adjudged guilty of a misdemeanor."

It seems from the authorities supra, that the common law treated any improper attempt to influence the jury as a corrupt attempt and embracery being an attempt as, well as a consummated injury, there being no such thing as an attempt to commit it as an attempt is the offense itself. [Bishop, New Crim. Law (8 Ed.), 389.]

The evidence wholly fails to show that appellant attempted to improperly influence a juror to the side of Jones by promises, persuasions, entreaties, money, entertainment and the like, in fact the evidence wholly fails to show that appellant did or said anything other than that Jones was a good fellow. The appellant

being the defendant in a trial before a jury, where the only charge against him was what he said and the manner in which it was said, had the right to have the words he used or their substance at least, detailed to the jury so that the jury might judge as to whether or not he attempted to improperly influence the juror, Ward. The mere statement of Ward that appellant talked to him about the case and that he presumed and inferred from the way he approached him that he was on the side of Jones, is not enough to support the finding of guilty. The charge is a serious one. The law presumes appellant to be innocent thereof and he stands innocent until the State overcomes this presumption by proof showing such facts which the jury might reasonably infer beyond a reasonable doubt that he sought to improperly influence the juror. It is not enough to show that the opinion of Ward, the juror, he sought to improperly influence him, because it is not upon the opinion of Ward on the facts that he should be acquitted or convicted, but it is upon the opinion of the jury, summoned, impaneled and sworn to try his case. It is not enough to show that appellant talked to the juror, Ward about the case, but it must also be shown that he attempted in some manner to improperly influence the juror by his conversation or conduct and what he did tending to improperly influence the juror or what he said or substantially what he said, tending to improperly influence the juror, should be given in evidence, that the jury may know and understand and be able to pass intelligent judgment upon the intent and purpose thereof. A juror approached, might feel that the party approaching him was seeking to improperly influence his mind and judgment and be so impressed with the thought that he would take an oath to that effect on the witness stand and when all of the evidence as to what was said and done were detailed to a fair and impartial jury under oath, that jury might be persuaded and hold that there was nothing in the conduct or conversation on the part of the party charged

which showed him to be guilty of an attempt to improperly influence such juror. The Constitution guarantees appellant the right to the opinion of the jury upon what he said and did and whether its purport, intent and purpose was to improperly influence the juror, Ward. Appellant is not bound by the expressions of opinion by Ward that he, Ward, presumed or inferred that he intended to improperly influence him, and his conviction upon such opinion, evidence without any statement of facts showing conduct on his part which would convince a fair mind that he had attempted to improperly influence Ward, cannot be sustained. The mere fact that he said Jones was a good fellow, alone, without some other statements, is not enough to convict a man of attempting to improperly influence the person in whose hearing or to whom the words were uttered. The court erred in refusing the request for a peremptory instruction directing appellant's acquittal. For the reason given, the judgment is reversed and the appellant discharged. All concur.