# CHARLESTON.

LAWRENCE PERKEY *v.* ELSIE PERKEY.

Submitted February 1, 1921.    Decided February 28, 1921.

1. MARRIAGE—*Between Persons Under Age of Consent Voidable, and Void Only From Time So Declared by Decree.*

   Section 1 of chapter 64 of the Code renders marriages between persons under the ages of consent not absolutely void, but only voidable, and void only from the time they are so declared by decree of divorce or nullity. (p. 657).

2. SAME—*Law of Place of Marriage Held to Govern As to Marriage of Those Under Age.*

   If one under the age of consent according to section 2 of chapter 64 of the Code goes into another state and marries one residing there, the law of the place of the marriage would govern, not the law of this state, and in such case section 3 of said chapter would have no application justifying annulment of the marriage on grounds therein provided. (p. 657).

87 W. Va.

3.   SAME—*Facts to Annul Marriage Between Persons Under Age Must Be Alleged and Proven.*

To justify a decree annulling a marriage because contracted between persons under the ages of consent, the facts giving jurisdiction to grant such relief must not only be alleged but fully proven. (p. 658).

Appeal from Circuit Court, Cabell County.

Suit by Lawrence Perkey against Elsie Perkey for annulment of marriage. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*D. B. Daugherty,* for appellant.

MILLER, JUDGE:

Two grounds are alleged for the annulment of the marriage contract consummated between the parties in the state of Kentucky on November 2, 1918: First, that each was under the age of consent, plaintiff under the age of eighteen, and defendant under the age of sixteen, and that they had not cohabited after plaintiff reached the age of eighteen; Second, that the defendant had wilfully and without just cause abandoned and deserted plaintiff in April 1919.

The ground of abandonment justifying divorce from the bonds of matrimony is not made out by the evidence. On the contrary we think the evidence establishes the fact that plaintiff abandoned defendant, and was aided therein by his parents. Besides, after he separated from her he returned and had intercourse with her, according to his own confession, and shortly afterwards brought this suit. He relies really on the fact that both parties were at the time of their marriage under the ages of consent, prescribed by section 2 of chapter 64 of the Code, making the age of consent of the female sixteen years, and that of the male eighteen years. Section 1 of said chapter, among other things, makes marriages between persons under the ages of consent not absolutely void from the beginning, but from the time they were so declared by a decree of divorce or nullity.

The bill alleges that plaintiff was for more than a year next before suit brought an actual bona fide resident of this state; that he and defendant were married in Kentucky, November

2, 1918; and that from the date of their marriage they lived and cohabited in Cabell County, West Virginia, until the latter part of April 1919, at which time they separated. The residence of defendant prior to the marriage is not alleged; nor does the bill allege, as was the case in *Martin* v. *Martin,* 54 W. Va. 301, and as section 3 of said chapter contemplates, that being residents of this state, and in order to evade the laws of this state, and with the intent of returning to reside in this state, they went into the state of Kentucky and there intermarried contrary to the provisions of section 1 of said chapter. Even if we regard the bill good on demurrer, overruled, a question of law which we need not determine, nevertheless there is no proof that defendant was a resident of this state, and that she and plaintiff being such residents went to the state of Kentucky, there to intermarry and evade the laws of this state. If she was a resident of the state of Kentucky, and plaintiff went there and entered into a marriage contract with her, neither his act nor hers could be brought within the purview of our statute. As the court impliedly overruled the demurrer, we might, if the proof showed the fact, allow the bill to be amended so as to conform to the evidence, but the material facts appear neither by pleading nor proof.

Moreover, we think the decree below right for failure of proof on the part of the plaintiff that he was under the age of consent at the time the marriage contract was consummated. He and his mother swear that he was under eighteen years of age at that time, but when taken in hand by the court, the mother swore that plaintiff was born July 18, 1900. The marriage occurred November 2, 1918. If born July 18, 1900, he was then over the age of eighteen years and capable of entering into a lawful contract under the laws of this state. Our statute does not render contracts of marriage by parties under the age of consent absolutely void, but void only from the date of the decree declaring them so; and section 4 of said chapter says that upon the hearing the court shall render a decree affirming or annulling the marriage according to the right of the case. And this section also says it shall be presumed that the marriage is valid unless the contrary be clearly proven. Defendant, who was about to become the mother of a child

begotten by plaintiff, and who at the time of the decree lacked but a few days of having reached the age of consent, answered the bill opposing annullment of the marriage.

At common law the age of consent of the female was twelve years, that of the male fourteen years, but marriages under those ages and over seven were not regarded void, but voidable only at the will of either of the parties on arriving at the age of consent. Statutes like ours were not intended to do more than raise the ages of consent, leaving the rules of common law in all other respects unimpaired and in full force. *State* v. *Lowell,* (Minn.) 46 L. R. A. 440, and cases cited. And so our statute provides that marriage contracts made under the ages of consent shall be void only from the time they are so declared by decree of divorce or nullity, and as provided by section 4 of the statute, according to the rights of the case.

For the foregoing reasons we are of opinion to affirm the decree.

*Affirmed.*