Syllabus.

# Richmond.

## WISEMAN v. COMMONWEALTH.

### November 19, 1925.

1. APPEAL AND ERROR—*No Certificate of the Evidence—Questions Before the Appellate Court—Case at Bar.*—The instant case was an indictment for unlawfully and corruptly soliciting another to use his influence with a grand juror for the purpose of persuading the grand juror to vote against the finding of any indictment against the defendant. The indictment was demurred to on the ground that it failed to set forth any offense for which the defendant might be prosecuted and that in so far as it might have been intended to charge a statutory offense, neither the language nor the substance had been followed. There was no certificate of the evidence in the case and therefore the sole question before the Supreme Court of Appeals upon the writ of error, duly granted, was whether the indictment charged any offense for which the defendant may be prosecuted.

2. GRAND JURY—*Corruptly Influencing Grand Juror—Intimidating Grand Juror—Section 4525 of the Code of 1919.*—An indictment charged that defendant did solicit another to use his influence with a grand juror for the purpose of persuading the grand juror to vote against the finding of any indictment against defendant.

   *Held:* That the indictment did not charge the statutory offense as defined by section 4525 of the Code of 1919, forbidding the intimidation by threats or force of a juror.

3. GRAND JURY—*Embracery—Definition—Juror—Grand Juror.*—Embracery, at common law, is an attempt corruptly to influence a juror. The gist of the offense is the attempt, and the term juror includes a grand juror.

4. GRAND JURY—*Embracery—What Constitutes the Offense.*—Solicitation of a grand juror to present or not to present an indictment constitutes the crime of embracery. It is immaterial whether the juror is influenced by the attempt or not, the crime is complete when the attempt is made.

5. EMBRACERY—*Attempt to Commit Embracery.*—Embracery itself being but an attempt, there is no such crime as an attempt to commit embracery.

6. GRAND JURY—*Embracery—Sufficiency of Indictment—Case at Bar.*—In the instant case the indictment charged defendant did unlawfully

and corruptly solicit and request another to use his influence with a grand juror for the purpose of persuading the grand juror to vote against the finding of any indictment against defendant.

*Held:* That the indictment did not charge the common law offense of embracery.

7. EMBRACERY—*Juror Must be Approached—Indictment—Case at Bar.*— While it is not necessary to the completion of the crime of embracery that the juror should comply with the request or yield to the solicitation, it is necessary that the juror should be directly or indirectly approached or solicited before the crime is complete, and an indictment charging defendant with soliciting another to influence a grand juror against voting for an indictment against defendant, does not charge the offense of embracery where it is not alleged that the grand juror was approached by the person so solicited.

8. GRAND JURY—*Embracery—Solicitation of Another to Influence Grand Juror.*—Where defendant requested another to use his influence with a grand juror to have him vote against finding any indictment against defendant, and the other made no attempt to influence the juror, neither is guilty of embracery, though if the other had yielded to defendant's request and approached the grand juror for the purpose of influencing him, both would have been guilty of embracery.

9. EMBRACERY—*Necessity of Attempt to Influence Juror.*—There must be an attempt to carry the intention to influence the juror into effect by some direct or indirect approach to, and communication with, the juror.

10. INDICTMENT—*Embracery—Solicitation—Influencing a Grand Juror—Case at Bar.*—In the instant case, the indictment charged that defendant requested another to use his influence with a grand juror to have the grand juror vote against finding any indictment against defendant. The indictment did not charge that there was any communication either direct or indirect with the grand juror, and therefore did not charge the common law offense of embracery. But the indictment did charge that defendant solicited the other to commit a crime, to-wit, the crime of embracery.

*Held:* That the indictment charged an indictable offense.

11. SOLICITATION TO COMMIT CRIME—*Distinguished from Attempt.*—Solicitation, or inciting to crime, does not proceed to the point of some overt act in the commission of crime. When it proceeds to this point it becomes an attempt to commit crime and is indictable as such.

12. COMMON LAW—*How Far in Force in Virginia.*—The common law of England is in full force in Virginia, except where it is repugnant to the principles of the Bill of Rights and the Constitution of the State, and when it has been altered by the General Assembly.

13. SOLICITATION TO COMMIT CRIME—*Solicitation a Criminal Offense—Solicitation of One to Use His Influence with a Grand Juror—Case at Bar.*—

There being no statute abolishing the common law rule, it is a crime in Virginia to solicit another to commit a crime which, if committed, would defeat public justice. An indictment distinctly charging that defendant solicited another to use his influence with a grand juror to prevent the finding of an indictment against defendant charges a crime at common law indictable by a grand jury.

Error to a judgment of the Circuit Court of Shenandoah county.

*Affirmed.*

The opinion states the case.

*F. H. Brumback* and *C. S. Tavenner*, for the plaintiff in error.

*John R. Saunders, Attorney-General; Leon M. Bazile, and Lewis H. Machen, Assistant-Attorney Generals,* for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

At the March term of the Circuit Court of Shenandoah county a grand jury found an indictment against Joseph F. Wiseman (a citizen of that county), consisting of four counts, the first count of which embodies all the essentials of the charge contained in the other three counts, and it is therefore necessary to set out here only the first count thereof, as follows:

"In the Circuit Court of Shenandoah county:

"The grand jurors in and for the body of the said county of Shanandoah and now attending the said court at its March term, in the year one thousand nine hundred and twenty-four, upon their oaths, do present that Joseph F. Wiseman, on or about the eleventh day of March, in the year one thousand nine hundred and twenty-four, in said county of Shenan-

doah, well knowing and with full knowledge that a regular grand jury, duly impanelled in the circuit court of Shenandoah county to perform the duties required by law of the grand jury, and well knowing and with full knowledge that said grand jury was then and there investigating and inquiring into the acts of the said Joseph F. Wiseman in selling, handling and dealing in coal without having paid a license tax required by law for the privilege of doing business as a merchant and dealer in coal, then and there, unlawfully and with the corrupt intent and evil purpose to hinder the due and lawful investigation by said grand jury into the acts aforesaid of the said Joseph F. Wiseman, then and there, unlawfully and corruptly did solicit and request one Joseph H. Harpine to interview, speak and use his influence with Harvey L. Bowers, who was then and there one of the grand jurors serving on the grand jury aforesaid, and known by the said Joseph F. Wiseman to be such grand juror, for the purpose of persuading the said Harvey L. Bowers to vote against the finding of any indictment against him, the said Joseph F. Wiseman; against the peace and dignity of the Commonwealth of Virginia.

"A true bill,

"J. W. BOYER, Foreman."

There was a demurrer to the indictment which the trial court overruled as to the first, third and fourth counts and sustained as to the second count, and exception was taken to the action of the court in overruling the demurrer to the first, third and fourth counts.

The defendant was found guilty of the charge in the indictment and fined $200.

A motion was made in arrest of judgment, which motion raises the identical questions raised upon the demurrer, viz.:

1. The indictment fails to set forth any offense for which the defendant may be prosecuted.

2. In so far as the indictment may have been intended to charge a statutory offense, neither the language nor the substance has been followed. .

[1] There is no certificate of the evidence in the case and therefore the sole question before this court upon the writ of error, duly granted, is whether the indictment charges any offense for which the defendant may be prosecuted.

[2] It is conceded that the indictment does not charge the statutory offense as defined by section 4525 of the Code of 1919. That section declares: "If any person, by threats or force, attempt to intimidate or impede a judge, justice, juror," etc.  *  *  *  "in the discharge of his duty," etc.  *  *  "he shall be deemed guilty of a misdemeanor."

There is no charge in this indictment that there was an attempt to intimidate a juror by threats, force, or in any other way, and hence the concession was properly made that there was no attempt to indict for the statutory offense.

It is contended on behalf of the Commonwealth that the indictment charges the common law offense of "embracery."

[3, 4] Embracery, at common law, is an attempt corruptly to influence a juror.  *Grannis* v. *Branden,* 5 Day (Conn.) 260, 5 Am. Dec. 146; 20 Corpus Juris, p. 495.

The gist of the offense is the attempt (20 C. J. 496, and cases cited, n. 10); and the term *juror* includes a grand juror.  Solicitation of a grand juror to present

or not to present an indictment constitutes the crime of embracery. *Doan's Case*, 5 Pa. Dist. R. 211; *People* v. *Glen*, 173 N. Y. 395, 66 N. E. 112. It is immaterial whether the juror is influenced by the attempt or not, the crime is complete when the attempt is made. 20 C. J., p. 497, n. 8 (G).

[5] Embracery itself being but an attempt, there is no such crime as an attempt to commit embracery. 20 C. J., p. 497, n. 9; *State* v. *Davis*, 112 Mo. App. 346, 87 S. W. 33.

[6] Having in mind the foregoing principles, which have been adjudged to apply to the common law crime of embracery, it is manifest, we think, that the indictment does not charge the common law offense of embracery as contended by the Commonwealth.

[7] It will be noted that the indictment does not charge that Harvey L. Bowers, the grand juror, was ever approached by Joseph H. Harpine for the purpose of persuading Bowers, the juror, to vote against finding an indictment against Wiseman. While it is true we must assume, upon the demurrer, that Wiseman requested Harpine to see Bowers, we must also assume that Harpine refused to see, or did not see, Bowers, and that the matter ended there. This being true, was the crime of embracery complete? Was it necessary to complete the crime, that the juror should have been actually approached? As heretofore said, it is not necessary to the completion of the crime of embracery that the juror should comply with the request or yield to the solicitation, but we think it is necessary that the juror should be directly or indirectly approached or solicited, before the crime is complete.

[8] It is undoubtedly true that if Harpine had yielded to Wiseman's request and had spoken to or otherwise approached a grand juror for the purposes indicated,

Harpine himself would have been guilty of embracery, and Wiseman would have been equally guilty, but as Harpine made no attempt to corruptly influence the juror, it is difficult to see how Wiseman can be held guilty of embracery under the principle above enunciated, when his offending consisted of an attempt or solicitation to get Harpine to attempt to influence Bowers.

[9] As is said in the text, 20 Corpus Juris, pp. 496-7, (and the text seems to be supported by authority), "there must be an attempt to carry the intention to influence the juror into effect by some direct or indirect approach to, *and* communication with, the juror." *State* v. *Brown*, 95 N. C. 685, 687.

[10] In the instant case, the indictment does not charge that there was ever any communication either directly or indirectly with the juror, and therefore we do not think the indictment charges the commission of the common law offense of embracery. The most that can be said is that the indictment charges that Wiseman solicited Harpine to commit a crime, to-wit, the crime of embracery.

As the indictment only charges solicitation of Harpine by Wiseman to commit a misdemeanor, that is to say embracery, the question arises, is it a crime to solicit another to commit a misdemeanor? That is to say, does the indictment charge any other indictable offense?

[11] We have seen that there can be no such crime as an attempt to commit embracery, and some discussion has arisen as to whether solicitation is an attempt, but it seems well established that to invite or solicit one to commit crime, where no attempt is actually made to commit it, at least in some cases, is indictable at common law as solicitation. Solicitation,

or inciting to crime, does not proceed to the point of some overt act in the commission of crime. When it proceeds to this point it becomes an attempt to commit crime and is indictable as such.

Wharton says (1 Cr. Law, sec. 179): "An *attempt* is such an intentional guilty act as will apparently result, in the usual course of natural events, if not hindered by extraneous causes, in the commission of a deliberate crime. But this cannot be affirmed of advice given to another, which advice such other person is at full liberty to accept or reject. Following such reasoning, several eminent European jurists have declined to regard any solicitations as indictable, when there is interposed between the bare solicitation, on the one hand, and the proposed illegal act, on the other, the resisting will of another, which other person refuses assent and co-operation." Thus it has been held that solicitation to commit adultery is not indictable at common law (*Smith* v. *Com.*, 54 Penn. St. 209, 93 Am. Dec. 686; *Kelly* v. *Com.*, 1 Grant, Cas. [Pa.] 484); and so of endeavoring to persuade incest. (*Cox* v. *People*, 82 Ill. 191), or to sell liquor (*Com.* v. *Willard*, 22 Pick. [Mass.] 476). "We must, however," continues Wharton, "remember that such solicitations, when in any way attacking the body politic either by way of treason, scandal, or nuisance, are, as has already been seen, under any view of the case, indictable as independent offenses." See also *State* v. *Baller*, 26 W. Va. 90, 53 Am. Rep., at p. 72.

Mr. Bishop, on the other hand, severely criticises the doctrine of *Smith* v. *Com.* and *Cox* v. *People*, *supra*. He says (1 Cr. Law, sec. 768c): "The law as adjudged holds, and has held from the beginning, in all this class of cases, an indictment sufficient which simply charges that the defendant, at a time and place

mentioned, 'falsely, wickedly and unlawfully did solicit and incite' a person named to commit the substantive offense, without any further specification of overt acts. It is vain then to say that mere solicitation, the mere entire thing which need be averred against a defendant as the ground for his conviction, is no offense." Of Mr. Wharton's distinction, which Mr. Bishop attributes to *Cox* v. *People*, he observes: "It is, that solicitations to offenses which are breaches of the peace, or corrupting to the body politic as interfering with public justice, are indictable attempts, but other solicitations to crime are not. * * * The learned Illinois judge well observed that there are respectable authorities holding to a different rule from the one he was laying down, * * * it is believed that there is no single authority, respectable or otherwise, prior to this Illinois one, even by implication maintaining the distinction. * * * No difference between classes of offenses of equal turpitude, as measured by the law's standard, the punishment, can in reason be assigned."

In the case of *State* v. *Sales*, 2 Nev. at p. 270, Sales was indicted for soliciting an attorney to corruptly influence a jury, the indictment charging him with an attempt to commit embracery, as the attorney did not comply with the request. The Supreme Court of Nevada held, as we hold here, that there can be no such specific crime as an attempt to commit embracery, and then the court adds: "However, * * * we see no reason why the defendant might not be indicted and punished for soliciting and inciting another to commit the crime of embracery, if it can be shown that he did so.

"The common law made it an indictable offense to solicit another to commit a felony or misdemeanor.

(1 Russell on Crimes, 46.)  In *Rex* v. *Higgins*, 2 East. R. 5, it was held that to solicit a servant to steal his master's goods was a misdemeanor, though it was not shown that the servant stole the goods, nor that any other act was done except the soliciting and inciting."

[12] The common law of England is in full force in Virginia, except where it is repugnant to the principles of the Bill of Rights and the Constitution of this State, and except when it has been altered by the General Assembly.   Sec. 2, Code, 1919.

[13] We take it, therefore, that as there has been no statute abolishing this rule of the common law, it is a crime in this State to solicit another to commit a crime which, if committed, would defeat public justice. The indictment under review distinctly and clearly charges that Wiseman solicited Harpine to use his influence with a juror to prevent the finding of an indictment against the former.   The indictment, therefore, charges a crime at common law indictable by a grand jury, and the trial court rightly overruled the demurrer thereto.

*Affirmed.*