# Richmond

FRIZELLE NEEDAM, BY LEVIN NEEDAM, HIS FATHER AND
NEXT FRIEND V. MILDRED MATTHEWS NEEDAM,
AN INFANT, ETC.

March 5, 1945.

Record No. 2896.

Present, All the Justices.

The opinion states the case.

*H. Ames Drummond*, for the appellant.

No appearance for the appellee.

SPRATLEY, J., delivered the opinion of the court.

We have under review a decree of the Circuit Court of the County of Accomack, entered on March 24, 1944, in which the trial court dismissed appellant's bill praying for an annulment of his marriage with appellee. In the decree of dismissal there is set out the following finding of facts by the court:

"1. That the complainant was born on the 3rd day of May, 1923; and the respondent was born on the 13th day of June, 1924;

"2. That the parties, both *bonà fide* residents of Virginia at the date of their marriage, as well as at the time this suit was instituted, were married at Snow Hill, Maryland, on the 23rd of November, 1941;

"3. That immediately after their said marriage, they returned to Virginia and established their residence in the home of the said Levin and Lillie Willis Needam, the father and mother of complainant, in Accomack County, Virginia, where they remained for some months, and during such residence, they cohabited together as husband and wife;

"4. That complainant and respondent went to the State of Maryland for the purpose of getting married because they had been denied the consent of complainant's father and mother;

"5. That, some months after their marriage, complainant took respondent to the home of her parents in Accomack County where, by agreement between the parties, she was to live, and did thereafter live, with her parents; and complainant remained with, and did thereafter live, with his parents, because of some incompatibility between respondent and her mother-in-law;

"6. That complainant had been coming to see respondent while this arrangement was in force until just before the institution of this suit;

"7. That the statute law of the State of Maryland, in which said marriage was solemnized, provides that any male person under twenty-one years of age or any female person between 16 and 18 years of age, with the consent of a parent or guardian, may marry, if otherwise qualified by

law; and that complainant was beyond the age of 18 years and respondent beyond the age of 17 at the time of said marriage, and both were otherwise qualified by law in that state to marry on the 22nd day of November, 1941; and that said marriage is valid and binding on the parties in the State of Maryland;

"8. That the license for said marriage was obtained on the application and oath of complainant from the Clerk of the Circuit Court of Worcester County, Maryland, which application recited that the complainant was 21 years of age, and the respondent 19, but without the written consent of the parents, or either of them, of either of the contracting parties;

"9. That the respondent did not desert and abandon the complainant as in his bill alleged; and

"10. That the respondent was in no wise guilty of trickery or of imposing fraud on the complainant in their contractual relations or in the procurement of the license for said marriage, and that said marriage between the parties is valid and binding on them; * * * ."

The bill and a stipulation by the parties that the decree correctly states the facts comprise the whole record before us.

The petition for the appeal states that "It is the contention of the complainant that said marriage is voidable at the option of either contracting party, providing this remedy is sought prior to the time the objecting party arrives at the age of twenty-one years." It is therein conceded that the marriage is valid in both Maryland and Virginia until it is set aside by a competent judicial tribunal. We are asked to declare the marriage void under the statutes of Virginia and as contrary to the public policy of this State. No question of jurisdiction is raised.

At the time of the marriage of the parties, the appellant was approximately eighteen and one-half years of age and the appellee seventeen and one-half years of age.

The pertinent statutes of Virginia relating to the marriage of minors are found in chapter 204 of the Code of Virginia,

1942, (Michie), sections 5078 and 5090. By Code, section 5078 (as amended by Acts 1938, chapter 81, page 141; Acts 1940, chapter 217, page 344; Acts 1942, chapter 14, page 15), a person under twenty-one years of age, who has not been previously married, is permitted to marry with the consent of his or her father, mother, or guardian, or if there be none, the judge of a specified court.

Code, section 5090 (as amended by Acts of 1932, chapter 300, page 529; Acts of 1942, chapter 176, page 230), provides, with certain exceptions not here material, that "the minimum age at which minors may marry with the consent of the parent or guardian shall be eighteen for the male and sixteen for the female * * * ."

Section 5090, as found in the Code of 1887, (section 2254) and in the Code of 1919, (section 5090), fixed the age of consent of the male at fourteen years and that of the female at twelve years, and expressly provided that, "whenever either of the parties was under the age of consent, if they be separated during such non-age, and not cohabit afterwards, the marriage shall be deemed void, without any decree of divorce, or other legal process."

By amendment of section 5090, in 1932 (Acts 1932, chapter 300, page 529), the General Assembly raised the age of consent, and struck out the provision declaring that the marriage of a person under the age of consent, followed by separation, "shall be deemed void."

Neither in section 5090, as it now stands, nor in any other statute, is there any provision declaring that the marriages of persons under the age of consent are absolutely void or voidable. We have statutes, however, expressly prohibiting marriages between certain persons, and declaring marriages between certain persons "absolutely void." Code, sections 5084, 5085, 5086, 5087, 5088, 5088a, 5088b, and 5089 (Michie's Code of 1942). None of these statutes include persons otherwise qualified to marry, who have left the State to marry because parental consent could not be obtained.

At common law, marriages of infants under the age

of seven were absolutely null and void; but marriages of infants over seven, but under the age of consent, which was twelve for a female and fourteen for a male were voidable, at the election of the party under such age, while marriages occurring after they attained the age of consent were absolutely valid. At common law, the consent of a parent or guardian was not essential to the validity of the marriage of a minor over the age of consent for marriage. Bishop on Marriage, Divorce and Separation, sections 571, 572, and 582; 35 Am. Jur., Marriage, sections 21 and 103; Anno. 22 L. R. A. (N. S.), page 1206.

Rules applicable to ordinary contracts are not applied to marriage contracts because of the nature of the marriage relation and for reasons of sound public policy. No law has sufficed to prevent marriage between minors. They still come together matrimonially, heedless of any law, and children are born of such unions. The governing powers are the impulses of nature, human frailty and love. The question before the law-making power is not whether such unions are wise or foolish, but whether they shall be accorded a legal status or held as meretricious; and whether children, not consulted about being born, or about their parentage, shall bear the honor of legitimacy or the disgrace of bastardy. The public policy of Virginia, therefore, has been to uphold the validity of the marriage status as for the best interest of society, except where marriage is prohibited between certain persons.

The common law prevails in Virginia, except wherein it has been altered by the General Assembly. Virginia Code, 1942, (Michie), section 2. Our statute, Code, section 5078, places a restriction upon the issue of a marriage license to persons under twenty-one years of age for the purpose of preventing such marriages; but this statute has stopped short of declaring such marriages void or voidable. It is also highly significant that there has been stricken from the statute (section 5090) which fixes the age of consent for marriage, the former provision declaring that the marriage

of a person under the age of consent, followed by separation "shall be deemed void."

In Maryland, the age of consent is eighteen for the male and sixteen for the female, and the marriage of a female between the ages of sixteen and eighteen to a male between the ages of eighteen and twenty-one is unlawful without parental consent. Ann. Code of Maryland (Flack 1939), Article 62, section 7. Under section 9 of the same Article, penalties are provided for a violation of the above section.*

■ The general rule is that the effect of statutes prohibiting clergymen or magistrates from marrying minors without the consent of their parents or guardians, or forbidding the issuance of marriage licenses without such consent, and prescribing a penalty for the violation thereof, is not to render such marriages void or voidable, when solemnized without the required consent, the statutes being regarded as directory only, in the absence of any provision declaring such marriages void or voidable. 35 Am. Jur., Marriage, section 22; 38 C. J., Marriage, section 71; Anno. 22 L. R. A. (N. S.) page 1206; Anno. L. R. A. 1916C, 740.

In *Payne* v. *Payne*, 295 F. 970, the Court of Appeals of the District of Columbia held that the marriage of two persons over the age of consent, but under twenty-one years, was not void under Virginia Code, 1919, (Michie), sections 5078 and 5090, although the consent of plaintiff's parents was not obtained and the license was secured by misrepresentation of their ages.

The facts in the cases of *Kirby* v. *Gilliam*, 182 Va. 111, 28 S. E. (2d) 40, 150 A. L. R. 601, and *Perkey* v. *Perkey*, 87 W. Va. 656, 106 S. E. 40, are not similar to the facts here. Both of these cases involved the matrimonial status of persons under the age of consent, who left the State of their residence to evade its laws, and were married in another State, without parental consent, thereafter returning to reside in the State of their domicile.

*See interesting dissertation on "Void and Voidable Marriages in Maryland and their Annulment" by Prof. John S. Strahorn, Jr., in 2 Maryland Law Review (1937-8), page 211, *et seq.*

Nothing is said in either case contrary to the views expressed in this case. It is well be bear in mind that we are not dealing with the marriage of persons under the age of consent for marriage. The parties here were capable of entering into a lawful contract of marriage.

Virginia Code, 1942, (Michie), section 5100, authorizing a suit to be brought for annulling a marriage when the marriage is "supposed to be void for any of the causes mentioned either in sections five thousand eighty-seven, five thousand eighty-eight, five thousand eighty-nine, or five thousand ninety," is not helpful to the contention of appellant. Section 5100 is the same as found in the Code of 1887, section 2255, and Code of 1919, section 5100.

Code, sections 5078 and 5090 have each been amended, as we have shown, since the enactment of section 5100.

Marriages of minors over the age of consent for marriage are not "supposed to be void" merely because of the lack of parental consent. The provision for parental consent is directory and preventive, rather than prohibitive of the consummation of the marriage contract. Minors over the age of consent for marriage have the capacity to enter into the marriage relation. Their marriage is a permissible status. It is not merely a contract between infants. See *Stanley* v. *Rasnick*, 137 Va. 415, 423, 119 S. E. 76.

The decree of the trial court is plainly right and it is affirmed.

*Affirmed.*