JOHN GEORGE THOMPSON v. CORNELIA JEAN THOMPSON

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 67856

Memorandum filed March 25, 1947.

*Morris Gamm,* of New Haven, for the Plaintiff.

*Kenneth D. Rogers,* of New Haven, for the Defendant.

MELLITZ, J. The plaintiff, a minor aged twenty, seeks a decree nullifying his marriage to the defendant, entered into at Baltimore, Maryland, on May 27, 1945, when the plaintiff was eighteen years of age, on the ground that the marriage was without the consent of the plaintiff's legal guardian and therefore invalid under the laws of Maryland.

Whether the marriage may be annulled is to be determined by the law of Maryland, where the marriage ceremony was performed. *Davis* v. *Davis,* 119 Conn. 194, 198.

Article 62, § 7 of the Maryland Annotated Code, 1939, declares that it shall be unlawful for any female below the age

of sixteen years or any male below the age of eighteen years to marry, or for any female between the ages of sixteen and eighteen years, or for any male under the age of twenty-one years, to marry unless the parent or guardian of such male or female, in person or by signed affidavit, assents thereto. Section 9 provides penalties for violations of the provisions of § 7.

Under the statute the plaintiff was not below the age of consent for marriage in Maryland, and the question is whether the fact that the plaintiff's guardian did not consent to the marriage is alone sufficient to invalidate it.

No decision of the Maryland courts has been found in which a marriage entered into by a minor without parental consent has been nullified on that ground. In *Corder* v. *Corder*, 141 Md. 114, a marriage entered into by a sixteen-year-old girl, without parental consent, was annulled on the ground of the husband's fraud. The opinion noted the absence of parental consent, but the decree was not made to rest on that ground. No Maryland decision has been brought to the attention of the court in which a direct reference has been made to the effect of the absence of parental consent on the validity of a marriage celebrated there except in the dissenting opinion in *Lurz* v. *Lurz*, 170 Md. 428, 435, where reference is made to the statute requiring parental consent of a male under twenty-one and it is said "the obtention of such a license through false representation as to the age of the parties does not in itself affect the validity of a marriage performed under the authority of the license."

In the absence of a contrary decision of the Maryland courts it will be presumed that the law of Maryland is the same as that in this state. *Davis* v. *Davis*, supra, 202; *Hanson* v. *Hanson*, 287 Mass. 154.

Generally, unless the statute expressly declares a marriage contracted without the prescribed consent a nullity, it is to be construed as directory only, and the marriage will be held valid, although the statute may entail penalties on the participating parties. 38 C. J. 1305; *Browning* v. *Browning*, 89 Kan. 98; note 22 L. R. A. (N. S.) 1206. In *State ex rel. Felson* v. *Allen*, 129 Conn. 427, 431, citing *Gould* v. *Gould*, 78 Conn. 242, it was observed with reference to our own marriage statutes that "a failure to comply with many of the requirements as to mar-

riage provided in our statutes, where there is no express pro-
vision that such a failure will invalidate it, will not have effect."
In the *Gould* case it was held that, in the absence of an express
statutory declaration to that effect, a marriage in violation of
the statute prohibiting marriages between persons either of
whom is epileptic was not void or voidable on that account,
and that the only remedy lay in a proceeding for a divorce on
the ground of fraudulent contract, if the elements for such an
action were present. In the course of his opinion in the *Gould*
case, Judge Baldwin noted (page 246) that it was generally
conceded that a marriage celebrated in contravention of the
statute which prohibited marriages in the case of minors, with-
out the consent of the parent or guardian, was to be treated as
valid, if the only objection was the want of the consent of par-
ent or guardian.

The marriage statute in force in Maryland at the time of
the *Corder* and *Lurz* decisions, referred to above, differed some-
what in its terms from the present statute, but it is not con-
ceived that differing conclusions are required because of the
change in wording of the statute. The earlier Maryland statute
was considered in *Smith* v. *Smith,* 150 Misc. (N. Y.) 833,
where it was held that the absence of the required parental con-
sent did not affect the validity of the marriage of a minor. In
*Hitchens* v. *Hitchens,* 47 Sup. 73, and in *Needam* v. *Needam,*
183 Va. 681, the effect of the present Maryland statute was
considered and a like conclusion reached.

It is concluded that the plaintiff's marriage was not void or
voidable under the Maryland statute because of the absence of
the consent of the plaintiff's guardian and the prayer for a de-
cree annulling the marriage is required to be denied.