Taft, J.,
dissenting. I hope that a dissent from the judgments in the instant cases will not be incorrectly construed as an approval of child marriages. As stated by Middleton, P. J., in the opinion of the Court of Appeals:
“* * * the court, in ruling upon the issues in this case, is concerned only in determining the law applicable to the case. This is as far as the court’s authority goes, and it is not for the court to pass upon the social or moral questions which may be involved. ’ ’
In determining the applicable law we should start with two elementary propositions:
(1) No act, however atrocious or shocking to our social and moral standards, can be punished criminally in Ohio except where punishment therefor is provided for by statute. 15 Ohio Jurisprudence (2d), 245, Section 7.
(2) Penal statutes must be strictly construed. 15 Ohio Jurisprudence (2d), 253, Section 20.
Because of the first of the foregoing elementary propositions, the majority opinion apparently recognizes the necessity that the state establish some delinquency of defendants ’ daughter, as delinquency is defined in Section 2151.02, Revised Code, which the action of defendants may tend to cause.
*185 The majority opinion clearly discloses that, in order to find any trace of such delinquency, it is necessary not only to indulge in imaginative speculation as to the future of defendants’ daughter but also to stretch the words of the applicable statute (Section 2151.02, Revised Code) as far as they will reasonably go, and apparently even much farther, in a direction away from that called for by the elementary rule of strict construction of penal statutes.
Thus, the only possible traces of any such potential delinquency suggested by the majority opinion are based upon the portions of Section 2151.02, Revised Code, defining a delinquent child as one “(C) who is an habitual truant from * * * school” or “ (D) who so deports * * * [herself] as to injure or endanger the morals * * * 0f * * * others.” It is necessary to indulge in much imaginative speculation with regard to her future to conclude that defendants’ daughter may, by reason of the acts of defendants in enabling her to get married, either become an habitual truant from school or deport herself so as to injure or endanger the morals of others.
The syllabus describes as the criminal acts (%. e., those tending to cause defendants’ daughter to become a delinquent child) the active participation of defendants in enabling their daughter to enter into a marriage relationship. Admittedly, the marriage took place in West Virginia. It is not suggested that that marriage was illegal there (it was apparently legal there. Perkey v. Perkey, 87 W. Va., 656, 106 S. E., 40) or that that West Virginia marriage will not be recognized as a legal marriage in Ohio (it will apparently be recognized as a legal marriage in Ohio. Courtwright v. Courtwright, 11 Dec. Rep., 413, 26 W. L. R., 309, affirmed without opinion, 53 Ohio St., 685). Also, the participation of defendants in enabling such marriage apparently only represented, as the complaint clearly indicates, action in West Virginia to accomplish something apparently lawful where it was accomplished.
It may be that legislation is needed to provide against acr tions such as those of defendants outside Ohio which tend to cause child marriages of Ohio children outside Ohio. However, this court has no power or authority to enact such legislation.
Stewabt, J., concurs in the foregoing dissenting opinion.