## Staunton

JAMES O. PAYNE V. COMMONWEALTH OF VIRGINIA.

September 3, 1959.

Record No. 4977.

Present, All the Justices.

The opinion states the case.

*Harold H. Purcell* and *George P. Smith, Jr.,* for the plaintiff in error.

*John W. Knowles, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

Payne was indicted in the Circuit Court of Orange County for having unlawfully and feloniously seized, taken and secreted one Barbara Ann Loyd, twelve years of age, from her father and mother, on or about February 19, 1958, in violation of Code, § 18-47.[1]

---

[1] "§ 18-47. If any person, other than the father or mother of a child, illegally seize, take, or secrete a child from the person having lawful charge of such child, he shall be confined in the penitentiary not less than two nor more than five years, or in the discretion of the jury, in jail not exceeding one year, and be fined not exceeding one thousand dollars."

On May 28, 1958, Payne was arraigned, and upon his plea of not guilty, was tried by a jury which returned a verdict of guilty, fixing his punishment at three months in jail and a fine of $500. Over the objection of the accused, the trial court entered judgment on the verdict. We granted Payne a writ of error.

At the conclusion of the evidence for the Commonwealth, Payne moved to strike on the ground of the insufficiency of the evidence. The motion was overruled and exception noted. Other exceptions were duly taken, involving the admission of evidence and the granting and refusal of instructions.

The facts in the case are not in dispute. Barbara Ann Loyd, a female between twelve and thirteen years of age, resided with her father and mother, William and Sallie Loyd, in the town of Gordonsville. She met Payne, who was thirty-seven years of age and unmarried, during the month of October, 1957. He began calling on her and visited her at the home of her parents every Sunday from October, 1957 until February 19, 1958. During this time he gave her and her parents various and sundry presents, and he and Barbara Ann went out together, sometimes with other persons, but alone on at least two or three occasions.

A proposal of marriage was at first declined by Barbara Ann but finally accepted, and it was decided that they would elope and get married; she selecting the date. On February 19, 1958, Payne called at the Loyd home where he remained until 9:00 p.m., at which time he departed and Barbara Ann pretended to go to bed. Later she slipped out of the house and joined Payne. They went to Culpeper and spent the night in the hotel there as man and wife. The following day Barbara Ann went to Washington, D. C. by bus, where Payne later joined her. They spent several days and nights in Washington, living together as man and wife. While in Washington Payne purchased a wedding ring and some clothing for Barbara Ann, and she called her mother on the telephone and asked that she come and "sign for her to get married" but this request was declined by Mrs. Loyd. Payne also talked to Mrs. Loyd but he refused to tell where they were. The couple then went to Maryland and applied for a marriage license where Barbara Ann gave her age as eighteen. After the waiting period required by Maryland law they were married in Rockville on February 28, 1958.

Mrs. Loyd testified that she had told Payne Barbara Ann was only twelve years of age. She also testified that Barbara Ann "had be-

come a woman at the age of nine". The evidence disclosed that the mother, Mrs. Loyd, had married when she was thirteen years old.

Payne testified that he did not believe Barbara Ann was only twelve years of age; that she weighed more than 130 pounds and was "a fully developed woman".

The crucial question here involved is whether or not there was an illegal seizure, taking or secreting of Barbara Ann Loyd within the meaning of the statute (§ 18-47).

In Virginia there is no statutory provision declaring that marriages involving persons under the age of consent are either void or voidable, and there are no Virginia cases so holding. Under the circumstances here, the marriage of the parties was voidable only and not void. *Kirby* v. *Gilliam*, 182 Va. 111, 119, *ff.*, 28 S. E. 2d 40, 44, *ff.*; *Needam* v. *Needam*, 183 Va. 681, 685, 33 S. E. 2d 288, 290.[2] The parties are husband and wife unless and until the marriage is annulled.

It is argued that under our reasoning in the case of *Guggenheimer* v. *Southern Seminary*, 141 Va. 139, 126 S. E. 72, the evidence in the instant case is sufficient to sustain this conviction.

The *Guggenheimer* case involved a suit for malicious prosecution which arose after Guggenheimer had been acquitted under a criminal warrant charging him with the violation of § 4409, Code of 1919 (now § 18-47, Code of 1950, the section involved in the present prosecution). In the malicious prosecution action which followed as a result of Guggenheimer's acquittal, Guggenheimer had been awarded damages by a jury "subject to a demurrer" filed by the defendant, Southern Seminary. Later the trial court sustained the demurrer which voided the verdict. In affirming the action of the trial court we held (141 Va., at p. 144) that Guggenheimer had failed to establish the fact that the seminary "was without probable cause" in swearing out and prosecuting the criminal warrant. This pronouncement decided the case.

There is dictum in the opinion in the *Guggenheimer* case which might lead one to believe that we were of the opinion that Guggenheimer had violated the statute. We now hold that this language, if such meaning can be attributed to it, was not necessary to the

---

[2] See 2 Maryland Law Review 211 (1937-38), at pp. 233 and 234, where it is said: "* * * Although no Maryland case has squarely ruled on it, the legal understanding is * * * that such a marriage (if the parties are above 12 and 14) is completely valid and may neither directly nor collaterally be attacked for non-age. * * *"

decision of the case, and where it is in conflict with the opinion in this case it is expressly overruled.

Code, § 18-47 contemplates an illegal seizure. It is aimed at some unlawful taking, with criminal intent. *Kiracofe* v. *Commonwealth*, 198 Va. 833, 846, 847, 97 S. E. 2d 14, 23. It was not intended to cover such a taking as disclosed by the evidence in this case, where the taking was for the purpose of consummating a marriage.

To hold that Payne illegally seized, took or secreted Barbara Ann in this instance would pervert the clear meaning and intent of the statute. Under such an interpretation there would be a violation of the statute in every instance involving a secret elopement where one of the parties was under the age of consent. Such a conclusion would be contrary to the policy of Virginia which favors the upholding of marriages. *Needam* v. *Needam, supra*, 183 Va., at p. 686, 33 S. E. 2d, at p. 290.

For the reasons stated the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*