Jerry M. Phillips, Whitestone, Phillips, Brent, Young & Merril, P.C., Fairfax, Va., for plaintiff.

Benjamin J. Trichilo, Stephen A. Horvath, Lewis & Trichilo, Fairfax, Va., for defendants.

**Alice E. WEBB, Administratrix of the Estate of Sharon Lee Cooper, Plaintiff,**

v.

**REGUA LIMITED PARTNERSHIP, t/a Valle's Steak House, and Ulysses Auger, Defendants.**

**Civ. A. No. 85–0737–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 30, 1985.

## MEMORANDUM OPINION

HILTON, District Judge.

This case comes before the Court on motion of the defendant, by counsel, pursuant to Rule 56, Federal Rules of Civil Procedure, for a summary judgment in favor of the defendant and against the plaintiff. As grounds for the motion the defendant contends that Virginia does not recognize a cause of action against the seller of intoxicating liquors for injuries caused by the unlawful conduct of the purchaser and that the plaintiff has accepted full satisfaction for compensatory damages and is not entitled to a second recovery.

The pleadings, stipulations of the parties, and exhibits contain the following facts. John Frederick McCarthy was a twenty-four year old student at the Computer Learning Center located in Springfield, Virginia. On May 4, 1984 he attended classes during the morning and studied at the center during the afternoon. At approximately 5:00 p.m. he joined a group of students next door at Valle's Restaurant. Valle's was being operated by Blackies' House of Beef, Inc. pursuant to a license agreement with Valle's.

McCarthy had drinks at Valle's and remained there until 11:00 p.m. and drove approximately one mile to Chi-Chi's Restaurant where he had additional drinks. At approximately 12:30 a.m. he left Chi-Chi's and started home down Backlick Road where he was involved in the accident in which Sharon Lee Cooper was killed.

After the accident, McCarthy was found to have a blood alcohol content of .303. He plead guilty to the charge of involuntary manslaughter and was sentenced to five years in the penitentiary with four suspended by the Circuit Court of Fairfax County. In addition he was sued by the plaintiff in the Circuit Court of Fairfax County, Virginia, and after a two day trial a jury awarded a verdict of $45,103.00 compensatory and $100,000. punitive damages. The plaintiff has received a check for the amount of the compensatory damage award.

The question presented is whether a seller of intoxicating liquor is liable for negligence, resulting in personal injuries sustained by third parties, as a result of the negligence of the buyer-consumer after leaving the sellers establishment.

At common law, the consumer of intoxicants was generally unable to recover against the individual furnishing the liquor for injuries sustained resulting from intoxication. Such an action was not recognized for the reason that the drinking of the liquor, not the furnishing of it, was the proximate cause of the injury. *See* Am. Jur.2d, Intoxicating Liquors Sec. 554, (1969), *annotation*, 54 ALR 2d 1152. In cases involving injuries caused by, rather than to, a consumer of intoxicants, the same rule historically protected the seller from liability to third persons, based on the absence of proximate cause.

The Court, by Virginia statute is required to follow the common law. Sec. 1–10 of the Code of Virginia provides:

The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and the Constitution of this State, shall continue in full force within the same, and the rule of decision except as altered by the General Assembly.

The requirement in Virginia of adherence to the rule of the common law has existed since the birth of the United States. The history was stated concisely in *Foster v. Commonwealth*, 96 Va. 306, 31 S.E. 503 (1898). The convention of May 1776, which declared our separation from England, and framed the first constitution for the state acclaimed the common law of England to be the rule of decision, and be considered in full force, until the same shall be altered by the legislative power of the colony. 9 Hen Stat. 127, sec. 6. Numerous subsequent cases attest to this requirement. *Wiseman v. Commonwealth*, 143 Va. 631, 130 S.E. 249 (1925); *Needham v. Needham*, 183 Va. 681, 33 S.E.2d 288 (1945); *Carter v. Hinkle*, 189 Va. 1, 52 S.E.2d 135 (1949); *Oehl v. Oehl*, 221 Va. 618, 272 S.E.2d 441 (1980); *Gray v. Commonwealth*, 226 Va. 591, 311 S.E.2d 409 (1984).

The Virginia Supreme Court is generally loath to abrogate the common law. The Court has stated in *Bruce Farms v. Coupe*, 219 Va. 287, 247 S.E.2d 400 (1978), "that the decision whether a common law rule of such ancient vintage as the one at bar should be reversed is one properly within the province of the General Assembly of Virginia."

There is no Virginia Supreme Court case that has imposed common law liability upon the seller of intoxicating liquors for the torts of an intoxicated patron. In *Corrigan v. United States*, 595 F.Supp. 1047

(E.D.Va.1984) the court in a well written and reasoned opinion came to the conclusion that since the Virginia Supreme Court had not ruled on this issue that the court should attempt to determine what the Virginia court would rule should the issue be presented. The court in Corrigan relied on Virginia Code Sec. 4–62 which states:

> If any person shall ... sell any alcoholic beverages to any person and at the time of such sale shall know or have reasons to believe that the person to whom the sale is made is .. an intoxicated person, he shall be guilty of a misdemeanor.

This section is a part of the Virginia Alcoholic Beverage Control Act, a self-contained statute with its own penalty provisions enacted solely with the legislative intent to regulate the sale and distribution of alcoholic beverages. It does not create a cause of action against the seller of alcoholic beverages by a third party for the negligent acts of a patron.

In determining Virginia law in absence of a Virginia Supreme Court decision I believe the United States Court of Appeals for the Fourth Circuit has set forth a more prudent test than attempting to rationalize what that court would rule. In *Harris v. Lukhard*, 733 F.2d 1075 (4th Cir.1984) the court was faced with an issue of state law on which the Virginia Supreme Court had not ruled. After discussing relevant Virginia Circuit Court opinions, the Fourth Circuit stated that while such decisions were not controlling, the Federal Court should attribute some weight to the lower courts interpretation of the state law in question. A similar holding was reached in *Bryant Electric Company v. City of Fredericksburg*, 762 F.2d 1192 (4th Cir.1985). There the court had to decide whether a cause of action existed under Virginia tort law for a contractor to recover against an engineer for economic loss and absence of privity. In rendering its decision, the Fourth Circuit was guided by the state circuit court opinions and concluded that no duty was owed by the architect to the sub-contractor.

While the number of Virginia Circuit Court cases decided on this issue is not known, three cases have been decided by the Circuit Court of Fairfax County, Virginia since the decision in Corrigan. In all three cases the circuit court specifically rejected the ruling in Corrigan, in that it did not follow the common law of Virginia and that the recognition of such a right of action must properly emanate from the legislature and not the court, *Hudson v. Marshall Enterprises, Inc.*, Law No. 64409, Fairfax Circuit Court (Jnue 20, 1985); *Williamson v. Loredo*, Law No. 67180, Fairfax Circuit Court (June 21, 1985); *Murphy v. Olympic Flame Restaurant, Inc.*, Law No. 68764 (May 14, 1985).

The Fourth Circuit has set forth a sound standard to follow in determining Virginia law in absence of a Supreme Court decision. It is necessary to look to the State Circuit Court decisions. The circuit courts have clearly stated what the law is in Virginia. The Virginia Supreme Court has indicated its reluctance to abrogate the common law in numerous decisions, making any change unlikely absent legislative action. In Virginia there is no liability on the seller of intoxicating liquor for negligence, resulting in personal injuries sustained by third parties, as a result of the negligence of the patron after leaving the sellers establishment. It would also appear from the long line of Virginia authorities that if the law is to be changed, it is a matter for the Virginia General Assembly and not the courts. Accordingly, an order will enter granting summary judgment to the defendant.