Alice Elizabeth WEBB, Administratrix
of the Estate of Sharon Lee
Cooper, Appellant.

v.

BLACKIE'S HOUSE OF BEEF,
INC., Appellee.

No. 86-1519.

United States Court of Appeals,
Fourth Circuit.

Argued July 18, 1986.

Decided Feb. 20, 1987.

Jerry M. Phillips (Whitestone, Phillips, Brent, Young & Merril, P.C., Fairfax, Va., on brief), for appellant.

Benjamin J. Trichilo and Stephen A. Horvath (Lewis, Tydings, Bryan & Trichilo, P.C., Fairfax, Va., on brief), for appellee.

Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

PER CURIAM:

John F. McCarthy was, with a group, enjoying the facilities of a Virginia restaurant known at the time as Valle's Restaurant. By agreement of the parties, the liability, if any, of Valle's Restaurant was transferred to Blackie's House of Beef, Inc.

The group remained at the restaurant for four or five hours, during which they consumed numerous pitchers of beer. Their allegedly intoxicated condition was observed by serving personnel of Blackie's House of Beef. Later they moved on to another restaurant for additional drinking. When the group left the second restaurant, McCarthy (whose alcohol content in his blood was established as .303) proceeded down Backlick Road at a high rate of speed, in the wrong lane and without lights. A head-on collision occurred with a car driven by the plaintiff's decedent. The plaintiff's decedent was killed in the accident.

During the proceedings of the case, the defendant tendered money in settlement of the claim. The defendant urges that the acceptance by the plaintiff of that money amounted to a full satisfaction of the claim. Because of the way in which we view the case it is unnecessary for us to address that question.

The case, on appeal from a grant of summary judgment for the defendants in an action brought by the plaintiff against, *inter alia,* Blackie's House of Beef, was held in abeyance by us inasmuch as Virginia principles of law were controlling, pending the decision by the Supreme Court of Virginia in *Hutson v. Marshall Enterprises, Inc.* No. 850858 (Va. petition filed Oct.

29, 1985). In the meantime, that case was itself stayed until the Supreme Court of Virginia acted in *Williamson v. The Old Brogue, Inc.,* 232 Va. 350, 350 S.E.2d 621 (1986).

The decision in the *Williamson* case has now come down. It is to the effect that Virginia Code § 4–62 and the Virginia common law do not recognize dram shop liability on the part of a person who purveys an alcoholic beverage to someone else who then causes a tort to occur, specifically an automobile accident, while that person was intoxicated. Consequently, the *Williamson* decision is dispositive of the question posed in the instant case. We, therefore, summarily affirm the grant by the district court of summary judgment. *Webb v. Regua Limited Partnership,* 624 F.Supp. 471 (E.D.Va.1985).

AFFIRMED.