## CIRCUIT COURT OF LANCASTER COUNTY

Jason Earl Irons

v.

Michelle Lee Rose Irons

### August 14, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

Jason Earl Irons (Jason) and Michelle Lee Rose (Michelle), both under eighteen years of age and residents of Lancaster County, Virginia, were married in Maryland on January 29, 1990. At the time of the marriage, Michelle was pregnant by someone other than Jason. She had parental consent to marry Jason. Jason's mother expressly refused consent. (His father is deceased.) After the ceremony, the parties returned to Lancaster and shortly thereafter separated.

Jason has filed a Bill of Complaint seeking an annulment. A guardian *ad litem* answered on behalf of Michelle, and Michelle's mother and next friend, by Cross-Bill, seeks affirmation of the marriage, a divorce *a mensa et thoro*, and support. The parties agree that the marriage would be valid in Maryland, applying its law, and invalid if the ceremony were performed in Virginia pursuant to Virginia Code Section 20-45.1. The issue, therefore, is which law applies, Virginia's or Maryland's, in determining the validity of the marriage.

The general rule is that marriage, valid where performed, is valid everywhere. There are two exceptions, as well recognized as the general rule itself, namely: (1) marriage deemed contrary to laws of nature as generally recognized in Christian countries, i.e., polygamy or incest; and (2) marriage forbidden by statute . because contrary

to public policy of the state. *Heflinger v. Heflinger*, 136 Va. 289 (1923).

Thus, if this marriage is contrary to the public policy of Virginia, Virginia law would apply in determining its validity. Michelle's counsel contend that the marriage is not contrary to Virginia public policy and rely on *Needham v. Needham*, 183 Va. 681 (1945), as support for this contention. There, on facts similar to the facts of this case, the validity of the marriage was upheld. As Jason's counsel points out, however, Virginia Code Section 20-45.1 was adopted after *Needham* in 1975. This section provides:

> Section 20-45.1. *Void marriages.* -- (a) All marriages which are prohibited by § 20-38.1 or where either or both of the parties are, at the time of the solemnization of the marriage, under the age of eighteen and have not complied with the provisions of § 20-48 or § 20-49 are void . . . .

By the enactment of § 20-45.1, the Virginia legislature mandated that a marriage between parties under age eighteen, without requisite parental consent, is void. This must be considered a clear and unequivocal statement of the public policy in Virginia. The General Assembly did not declare such marriages merely voidable, which it could have done. Rather, along with bigamous and incestuous marriages, marriages between parties under age eighteen, without parental consent, are void.

Michelle's counsel argues that Michelle was emancipated, practically if not formally, at the time of the marriage, that Jason became eighteen soon after the marriage ceremony, and these circumstances should strengthen Michelle's claim of a valid marriage. We are of the opinion that the validity of the marriage must be determined on the basis of circumstances as they existed at the time of the ceremony. If the marriage was void at that time, subsequent events cannot serve to validate it.

In conclusion, we hold that this marriage violates the stated public policy of the Commonwealth of Virginia and is therefore void. A Decree of Annulment will be entered upon its presentation.